**Reversed and Remanded and Majority and Dissenting Opinions filed June 26, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00356-CV

### JOHN B. PLUNKETT, Appellant

### V.

### JUSTIN CURTIS NALL, ROBERT W. NALL, AND OLGA L. NALL, Appellees

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 09-DCV-177458-A**

## MAJORITY OPINION

Appellant, John B. Plunkett, appeals a summary judgment in favor of appellees, Justin Curtis Nall, Robert W. Nall, and Olga L. Nall (collectively "the Nalls"), in Plunkett's negligence suit. In his sole issue, Plunkett contends the trial court erred by granting summary judgment because the Nalls moved for summary judgment on a negligence theory that was different from the claim pleaded by Plunkett. We reverse and remand.

# I. BACKGROUND

In his petition, Plunkett presents the following factual allegations.[1] On New Years' Eve of 2007, Plunkett attended a party at the home of Robert and Olga Nall and their college-aged son, Justin. To ensure no party guest drove while intoxicated, the Nalls required that any guests remaining at midnight spend the entire night at the home. However, the Nalls failed to enforce this rule because they did not retain car keys or perform any other actions to prevent guests from leaving, and Robert and Olga retired to bed between midnight and 2:00 a.m. without ensuring all guests remained at the home. Shortly after 2:00 a.m., Justin Kowrach, who was "inebriated," and a female friend attempted to leave. Kowrach entered the driver's seat of the female's Ford Explorer. Plunkett attempted to dissuade Kowrach and his friend from leaving by first speaking to them through the passenger's window and then walking to the driver's window. While Plunkett stood on the running board of the vehicle and tried to remove the keys from the ignition, Kowrach accelerated and then "hit the brakes." Plunkett was propelled head first into the ground, and his head became lodged under a parked car. Plunkett suffered severe injuries, including brain damage, resulting in hospitalization for several weeks and the need for medical care during the remainder of his life.

Plunkett sued the Nalls and Kowrach. With respect to the Nalls, Plunkett alleges they are liable for common law negligence, failed to exercise due care in their undertaking to protect guests, and breached a duty to protect Plunkett as an invitee on the Nalls' premises. The Nalls filed two separate traditional motions for summary judgment: one on the ground that they owed no duty to Plunkett under a "social host liability" theory; and a subsequent motion challenging the premises liability claim. On November 9, 2010, the trial court signed an order granting summary judgment in the Nalls' favor on all claims except premises liability, which Plunkett non-suited.[2] On April 5, 2011, the

---

[1] The Nalls do not necessarily agree with Plunkett's alleged facts but have accepted them as true solely for purposes of the summary-judgment proceeding.

[2] According to the parties, the trial court indicated at a hearing that it granted the "social host liability" motion for summary judgment but it was a partial summary judgment because the premises-

trial court signed an order severing Plunkett's claims against the Nalls from Plunkett's claim against Kowrach, thereby rendering final the previously granted summary judgment.

## II. STANDARD OF REVIEW

A party moving for traditional summary judgment must establish there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). A defendant moving for traditional summary judgment must negate at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). If the defendant establishes his right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). We review a summary judgment *de novo*. *Knott*, 128 S.W.3d at 215. We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in his favor. *Id.*

## III. ANALYSIS

In his sole issue, Plunkett contends the trial court erred by granting summary judgment because Plunkett pleaded negligent undertaking, not social host liability, but the Nalls did not move for summary judgment on the negligent undertaking claim. We agree.

A summary-judgment movant must expressly state the grounds therefor in his motion. Tex. R. Civ. P. 166a(c). A trial court errs by granting summary judgment on a claim not addressed in the motion. *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990); *PAS, Inc. v.*

---

liability claim remained pending. Thus, the Nalls filed the subsequent motion on the premises-liability claim, but Plunkett non-suited that claim. Accordingly, all references hereafter to the Nalls' motion for summary judgment means the first motion, challenging social-host liability.

3

*Engel*, 350 S.W.3d 602, 609 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

The Nalls moved for summary judgment on the sole ground that the Nalls owed no duty to Plunkett because Texas law does not recognize social host liability. The Nalls relied on *Graff v. Beard*, 858 S.W.2d 918, 918–22 (Tex. 1993), in which the supreme court declined to recognize social host liability, holding that a host has no duty to prevent a guest who will be driving from becoming intoxicated or prevent an intoxicated guest from driving.

Plunkett alleged a claim for negligent undertaking—not social host liability. The supreme court has recognized that Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000). However, a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation. *Id.* at 837–38. Section 323 of the Restatement (Second) of Torts, cited by the *Torrington* court, provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a)  his failure to exercise such care increases the risk of such harm, or
>
> (b)  the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323 (1965); *see Torrington*, 46 S.W.3d at 838. To establish negligent undertaking, a plaintiff must show: (1) the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection, (2) the defendant failed to exercise reasonable care in performing those services, and either (3) the plaintiff relied upon the defendant's performance, or the defendant's performance increased the plaintiff's risk of harm. *Torrington*, 46 S.W.3d at 838–39. According to Plunkett, the Nalls "undertook to perform services" to protect Plunkett and other guests by imposing a rule that guests remaining at midnight must

4

spend the night.

On appeal, the Nalls implicitly recognize they did not expressly move for summary judgment on a negligent undertaking claim because they advance several reasons why we nonetheless should uphold the summary judgment. In particular, the Nalls suggest that their ground challenging social host liability sufficiently negated the negligent undertaking claim because Plunkett actually alleges social host liability, despite his characterization of the underlying theory. We disagree because social host liability and negligent undertaking are different theories. The crux of Plunkett's negligence allegation is not that the Nalls owed a duty as social hosts to prevent intoxicated guests from driving. Plunkett recognizes there was no such duty. Rather Plunkett alleges that, once the Nalls *voluntarily* undertook to prevent intoxicated guests from driving (for which they otherwise owed no duty), they had a duty to act with ordinary care.

The Nalls also assert, "the alleged facts that form the basis of Plunkett's claim clearly arose in the social host context." The fact that Plunkett alleges the Nalls were acting as social hosts when they purportedly assumed a duty does not mean Plunkett alleges social host liability; it is the voluntary undertaking allegedly exercised by the Nalls—not the mere fact they were social hosts—on which Plunkett relies when seeking to impose a duty to prevent intoxicated guests from driving.

Additionally, the Nalls argue that Plunkett failed to plead a negligent undertaking claim or allege any facts in support of such a claim. We disagree. In his petition, Plunkett alleges the following facts:

> However, after instituting the undertaking of requiring that persons remaining at after [sic] midnight would in fact remain until the morning at the Premises until sober and able to safely drive, [the Nalls] wholly failed to enforce such undertaking. They failed to collect and/or keep car keys of those who were present at midnight and to take any other actions to keep those in attendance at the time from leaving. Upon information and belief, [the Nalls] themselves imbibed alcohol and failed to enforce the undertaking and policy. Upon information and belief, [Robert and Olga Nall] themselves went to bed sometime after midnight and before 2:00a.m.

5

without having secured that those in attendance would remain until the morning and safe to drive.

Plunkett then pleads the following cause of action against the Nalls:

> [The Nalls] failed to exercise due care in their undertaking. Once [the Nalls] undertook the responsibility to protect those persons at their party from harm, they had the responsibility to do so as a reasonable ordinary person would do under the same or substantially the same circumstances. [The Nalls] failed to do so, and as an actual and proximate cause of that failure, your Plaintiff was damaged.

In fact, other than premises liability, negligent undertaking is the only theory of liability against the Nalls that we construe from Plunkett's petition.

The Nalls further contend they owed no duty to Plunkett even if he had pleaded a negligent undertaking theory. In their appellate brief, the Nalls cite the elements of negligent undertaking and advance arguments purportedly negating a duty under such theory. For example, they contend a mere request that guests remaining at midnight spend the night is not an undertaking of services. However, in their motion for summary judgment, the Nalls did not mention, much less cite the elements of, a negligent undertaking claim or advance any arguments negating the elements in the present case, including their contention that there was no "undertaking." To establish there is no genuine issue of material fact concerning one or more of the essential elements of a plaintiff's cause of action, the defendant must identify or address the cause of action and its elements in the motion for summary judgment. *See Black*, 797 S.W.2d at 27. The Nalls also assert that the case law "regarding social hosts still applies" to any negligent undertaking claim. Even if some of the same reasoning for rejecting social-host liability might also negate the negligent undertaking theory, the Nalls failed to address that theory in their motion.

We acknowledge that, in the motion, the Nalls twice referenced Plunkett's allegation regarding the Nalls' rule that guests remaining at midnight must spend the night. However, the Nalls did not mention this alleged rule in the context of attempting to negate a negligent undertaking claim. Instead, the Nalls first cited this rule when

6

incorrectly suggesting, as discussed above, that Plunkett's reliance on the rule merely amounted to an allegation of social host liability.[3] Then, although not exactly clear, the Nalls cited this rule when apparently asserting there was no special relationship between the Nalls and Plunkett, such as employer and employee, creating an exception to the principle that social hosts owe no duty to ensure guests do not drive while intoxicated. However, Plunkett does not contend that the Nalls owed him a duty based on a special relationship; rather, Plunkett relies solely on the Nalls' alleged undertaking to ensure no guest drove while intoxicated—again, the theory which the Nalls did not address in the motion for summary judgment. Indeed, the Nalls stated at the inception of their argument, "This is a social host case." We may not "read between the lines" and glean the Nalls moved for summary judgment on the negligent undertaking claim simply because they mentioned the alleged rule regarding guests spending the night in contexts other than Plunkett's negligent undertaking claim. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993).

Finally the Nalls posit that Plunkett failed to offer summary-judgment evidence supporting a negligent undertaking theory. However, the Nalls filed a traditional motion for summary judgment—not a no-evidence motion; because the Nalls did not negate any element of the negligent undertaking claim, the burden never shifted to Plunkett to present evidence supporting the claim. *See Siegler*, 899 S.W.2d at 197.

---

[3] Specifically, the Nalls asserted that the *Graff* court addressed a situation in which a host sets forth such a rule when the court explained the inherent problems in attempting to impose a duty on social hosts to prevent intoxicated guests from driving; i.e., various questions would arise relative to what actions a host must perform to fulfill such a duty: "Would a simple request not to drive suffice? Or is more required? Is the host required to physically restrain the guests, take their car keys, or disable their vehicles?" *See Graff*, 858 S.W.2d at 921. However, the *Graff* court cited these concerns when addressing whether a duty to prevent intoxicated guests from driving arises directly from the defendant's role as a social host. *See id.* The *Graff* court did not address viability of a claim based on a situation in which a host voluntarily undertook such a duty, which did not otherwise exist. *See id.* Contrary to the Nalls' suggestion, the *Graff* court did not mention the above-cited concerns relative to such a situation. *See id.* Consequently, the Nalls' citation of *Graff* in the motion was merely a reiteration of their social host-liability ground and did not transform this ground into a challenge to the negligent undertaking claim.

Accordingly, we sustain Plunkett's sole issue, reverse the trial court's judgment, and remand for further proceedings consistent with this opinion.


/s/     Charles W. Seymore
        Justice


Panel consists of Justices Seymore, Boyce, and Mirabal.[4] (Mirabal, J., Dissenting).

---

[4] Senior Justice Margaret Garner Mirabal sitting by assignment.

8