# IN THE SUPREME COURT OF TEXAS

══════════

No. 12-0627

══════════

JUSTIN CURTIS NALL, ROBERT W. NALL, AND OLGA L. NALL, PETITIONERS,

v.

JOHN B. PLUNKETT, RESPONDENT

══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
══════════════════════════════════════════════

## PER CURIAM

This case presents an issue of summary judgment procedure. John Plunkett sued Justin Nall, Robert Nall, Olga Nall, and Justin Kowrach for personal injuries suffered at a New Year's Eve party at the Nalls' residence. Plunkett pled causes of action against the Nalls for negligence based on an undertaking theory and for premises liability. The Nalls moved for summary judgment as to Plunkett's negligence claim on the ground that they owed no duty to Plunkett under the facts pled in his petition. The trial court rendered judgment in favor of the Nalls as to "all issues except those relating to premises liability." Plunkett appealed, arguing that summary judgment was improper because the Nalls' summary judgment motion addressed only social host liability and not the negligent-undertaking theory. The court of appeals agreed and reversed the summary judgment. 374 S.W.3d 584, 586–87. We hold that the Nalls' summary judgment motion specifically addressed the

negligent-undertaking claim by arguing that our decision in *Graff v. Beard*, 858 S.W.2d 918, 921 (Tex. 1993), forecloses the assumption of any duty by a social host under the facts of this case. Because Plunkett did not argue that summary judgment was improper on the merits, we do not reach any substantive issues related to the summary judgment. *See* Tex. R. App. P. 53.4. Accordingly, we reverse the court of appeals' judgment and reinstate the trial court's judgment.

Plunkett attended Justin Nall's New Year's Eve party at a home that is owned by his parents, Robert and Olga Nall. Plunkett alleges that the Nalls hosted the party and, knowing that alcohol would be consumed at the house, required all attendees who remained at the house after midnight to spend the night. Plunkett contends that the Nalls failed to confiscate car keys of those who remained after midnight or take any other actions to keep attendees from leaving. The petition states that Robert and Olga went to bed after midnight but before 2:00 a.m., without ensuring that those still in attendance would remain until they were safe to drive. Shortly after 2:00 a.m., Kowrach and a friend attempted to leave in the friend's vehicle. Plunkett alleges that he attempted to convince Kowrach not to leave, as they were both intoxicated. As Plunkett stood on the running board of the vehicle and attempted to pull the keys from the ignition, Kowrach pressed the accelerator, gathered speed, then hit the brakes. The sudden braking and Plunkett's momentum propelled him head first into the ground, lodging his head under a parked car. Plunkett suffered traumatic brain damage as a result of his injuries and will require medical care for the rest of his life.

Plunkett sued the Nalls and Kowrach. Plunkett alleged that the Nalls were liable for "common law negligence," "fail[ing] to exercise due care in their undertaking" to protect guests, and for premises liability. The Nalls moved for summary judgment, arguing that they owed no duty to

Plunkett. The trial court granted the motion as to all claims except for the premises liability claim, which Plunkett eventually nonsuited. The trial court then severed Plunkett's claims against the Nalls from his claims against Kowrach. Plunkett appealed. The only issue briefed by Plunkett on appeal was whether the trial court erred by granting summary judgment on Plunkett's undertaking claim based on the Nalls' alleged failure to address that claim.

A divided court of appeals reversed and remanded, holding that the trial court erred by granting summary judgment because the Nalls failed to address Plunkett's negligent-undertaking theory in their motion. 374 S.W.3d at 586. The court of appeals construed Plunkett's petition as alleging a claim for negligence based on an undertaking theory and the Nalls' summary judgment motion as arguing only that summary judgment was proper as to a negligence claim based on social host liability. *Id.* at 586–87.

This procedural issue was the only issue argued by Plunkett on appeal and the only issue addressed by the court of appeals. *See id.* at 585. We review a grant of summary judgment de novo. *Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 422 (Tex. 2010). In a summary judgment motion under Rule 166a(c) of the Texas Rules of Civil Procedure, a movant "shall state the specific grounds therefor," and a defendant who conclusively negates at least one of the essential elements of a cause of action is entitled to summary judgment. TEX. R. CIV. P. 166a(c). A trial court cannot grant summary judgment on grounds that were not presented. *See, e.g.*, *FDIC v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012); *see also G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam) ("Granting a summary judgment on a claim not addressed in the summary judgment motion therefore is, as a general rule, reversible error."). "Issues not expressly presented to the trial court

3

by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). We have also noted that "[a]n exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993); *see also D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) ("A non-movant must present its objections to a summary judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived."). However, even when a non-movant fails to except, the court of appeals cannot "read between the lines" or infer from the pleadings any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court. *McConnell*, 858 S.W.2d at 343.

Like the court of appeals, we construe Plunkett's petition as alleging two causes of action against the Nalls: (1) "common law negligence" based on the Nalls' failure to "exercise due care in their undertaking" (the negligent-undertaking claim), and (2) premises liability. The critical inquiry concerning the duty element of a negligent-undertaking theory is whether a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838–39 (Tex. 2000); *see also Osuna v. S. Pac. R.R.*, 641 S.W.2d 229, 230 (Tex. 1982) ("Having undertaken to place a flashing light at the crossing for the purpose of warning travelers, the railroad was under a duty to keep the signal in good repair, even though the signal was not legally required."). In *Torrington*, we held that a jury submission for a negligence claim predicated on a negligent-undertaking theory requires a broad-form negligence question accompanied by instructions detailing the essential elements of an undertaking claim. *Torrington*,

46 S.W.3d at 838–39. Accordingly, the broad-form submission for a typical negligence claim and a negligent-undertaking claim is the same, except that an undertaking claim requires the trial court to instruct the jury that a defendant is negligent only if: (1) the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection; (2) the defendant failed to exercise reasonable care in performing those services; and either (a) the plaintiff relied upon the defendant's performance, or (b) the defendant's performance increased the plaintiff's risk of harm. *Id.*; *see also* RESTATEMENT (SECOND) OF TORTS § 324A (providing the rule for liability to a third person for negligent performance of an undertaking).

The Nalls' summary judgment motion stated the issue addressed as: "Whether [the Nalls] have any duty to [Plunkett] in the factual scenario plead by [Plunkett]." The Nalls' "short answer" was that "Texas does not recognize social host liability, and [the Nalls] do not have any duty to [Plunkett] in this case." Plunkett did not file any exception to the Nalls' motion. The court of appeals construed the Nalls' motion as addressing Plunkett's negligence claim only as a social-host-liability claim and not as a negligent-undertaking claim. 374 S.W.3d at 586. We construe the Nalls' motion, however, as specifically moving for summary judgment on the duty element of Plunkett's negligence claim, making a two-part argument that addressed the absence of a duty in both the social host context and the undertaking context. First, the Nalls correctly pointed out that, under Texas law, a host has no duty to prevent a guest who will be driving from becoming intoxicated or to prevent an intoxicated guest from driving.[1]  *See Graff*, 858 S.W.2d at 918. Second, the Nalls

---

[1] The portion of the Nalls' summary judgment motion that addressed this point was introduced by the following heading: "No statutory or common law duty is owed by a social host."

addressed the undertaking theory asserted by Plunkett in light of *Graff*.[2]  Specifically, the Nalls

argued:

> [Plunkett] places a great amount of emphasis on the alleged "rule" of the Nall hosts
> that required a guest who was still at the home at midnight to spend the night.  The
> court in *Graff v. Beard* also discussed the scenario wherein a home owner attempts
> to *assume that duty* and the problems inherent in trying to decide scope of duty in
> that context.  The Supreme Court refuses to recognize the assumption of the duty
> argument in the case of a social host.

We hold that the Nalls' summary judgment motion specifically addressed the negligent-undertaking

claim by arguing that *Graff* forecloses the assumption of any duty (i.e., an undertaking) by a social

host.  Therefore, the court of appeals erred by reversing the trial court's judgment on procedural

grounds.

Whether the Nalls were entitled to summary judgment based on the merits of the argument

above is not at issue in this appeal, and we do not address it.  Texas Rule of Appellate Procedure 53.4

provides that a party may obtain a remand to the court of appeals to address issues or points *briefed

in that court* but not decided by that court, or we may address those issues in the interest of judicial

economy.  TEX. R. APP. P. 53.4.  As we previously noted, Plunkett briefed only the procedural issue

on appeal to the court of appeals.  He did not argue that a genuine issue of material fact precluded

summary judgment on the merits.[3]  We conclude that Plunkett waived the issue of whether summary

judgment was proper on the merits in this case by failing to brief it in the court of appeals.  *See id.*

---

[2] The portion of the Nalls' summary judgment motion that addressed this point was introduced by the following heading: "Absent a legal right to restrain a guest, a host owes no duty to a guest to do so."

[3] Plunkett's brief at the court of appeals provided that the issue was a "legal one—sufficiency of pleadings to support a cause of action."

6

Accordingly, we grant the Nalls' petition for review, and without hearing oral argument, we reverse the court of appeals' judgment and reinstate the trial court's judgment. *See* TEX. R. APP. P. 59.1.


OPINION DELIVERED: June 28, 2013