**Reversed and Remanded and Memorandum Opinion filed February 13, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00991-CV

---

### JOSEPH PEINE, Appellant

### V.

### HIT SERVICES, L.P., WOOD GROUP USA, INC., JOHN WOOD GROUP PLC, WOOD GROUP POWER GP, LLC, AND WOOD GROUP MANAGEMENT SERVICES, INC., Appellees

---

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2010-60099**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from the granting of a motion for summary judgment. Appellant Joseph Peine filed suit against appellees, HIT Services, L.P., Wood Group USA, Inc., John Wood Group PLC, Wood Group Power GP, LLC, and Wood Group Management Services, Inc., alleging he was wrongfully discharged for refusing to commit a crime. Appellees moved for a traditional summary

judgment, which the trial court granted. Because we conclude the trial court erred when it granted appellees' motion for summary judgment, we reverse and remand for further proceedings in accordance with this opinion.

## BACKGROUND

Appellee John Wood Group, PLC is a multinational corporation that operates through divisions. Each division in turn is segmented into strategic business units. One of those strategic business units was the Heavy Industrial Turbines strategic business unit. Appellee HIT Services, L.P. is part of that unit.

Appellant is a certified public accountant.[1] HIT Services hired appellant as its Chief Financial Officer in February 2007. According to Peine, HIT Services was a troubled company with a history of inflating its earnings. Peine alleged he was hired by HIT Services as part of an effort to turn the company's performance around. The letter by which HIT Services offered appellant the job stated that "in this role, you will be responsible for all finance and accounting aspects as it relates to the management of the business including financial reporting, month/year end closings, budgeting, forecasting, profitability analyses, management of accounting department/personnel and other associated responsibilities . . . ." Peine also served as secretary of Wood Power Group GP, LLC, which served as HIT Services' general partner. In that position, appellant served as an officer of the company and was charged with the responsibility of ensuring "that appropriate filings are made on time and accurately."

Due to his various responsibilities, appellant reported to different supervisors. One of those supervisors was Durg Kumar, the financial director for

---

[1] Because the dispositive issue in this appeal is firmly settled in the law, we issue a memorandum opinion. *See* Tex. R. App. P. 47.4. In addition, because the facts and procedural background of this case are well-known to the parties, we need not recite them in detail except as necessary to advise the parties of the Court's decision and the reasons for the decision.

the Heavy Industrial Turbines strategic business unit. Peine alleged that Kumar instructed him to overstate HIT Services' profits. Peine alleged that he refused, but Kumar continued to pressure him to falsify accounting records and accelerate HIT Services' earnings. Peine further alleged that he was instructed to inflate the damages model in an insurance claim in litigation and to expense the purchase of a $250,000 crane that actually qualified as a capital purchase. In addition, Peine alleged that he knew the HIT Services' accounting data contained false information, and he refused to attest to the accuracy of a HIT Services Quarterly Certification because doing so would constitute the crime of tax fraud.

Peine was eventually fired from his job with HIT Services. Peine filed suit against appellees, alleging that he was wrongfully discharged for refusing to comply with Kumar's instructions, which Peine further alleged required him to engage in criminal conduct. Appellees filed a motion for summary judgment, which the trial court granted. This appeal followed.

## ANALYSIS

Peine raises two issues on appeal. We need only address his second issue, however, because it is dispositive. In that issue, Peine argues the trial court erred when it granted appellees' traditional motion for summary judgment because the motion failed to state any grounds upon which it could be granted. We agree with Peine.

We review a trial court's order granting a traditional motion for summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). A motion for summary judgment under Rule 166a(c) of the Texas Rules of Civil Procedure may only be granted on the grounds expressly presented in the motion itself. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). The supreme court has expressly held that in determining whether the

3

grounds are expressly presented, we may not rely on briefs attached to the motion or on summary judgment evidence. *Id.*

Ordinarily, a non-movant must file an exception in the trial court in order to complain on appeal that the grounds relied on by the movant were unclear or inadequate. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). If the movant does not include any grounds in the motion for summary judgment, however, no exception is required in the trial court. *McConnell*, 858 S.W.2d at 342. A reviewing court cannot read between the lines or infer from the pleadings or evidence any grounds for summary judgment other than those expressly set forth in the motion. *See Nall*, 404 S.W.3d at 555. Therefore, if the grounds for summary judgment are not expressly presented in the motion, the motion is insufficient as a matter of law. *McConnell*, 858 S.W.2d at 342.

> Here, appellees' entire motion for summary judgment reads as follows:
>
> Defendants, through undersigned counsel, hereby move for summary judgment dismissal of the claims of [Plaintiff], pursuant to Texas Rule of Civil Procedure 166a. Defendants submit that no genuine issue as to any material fact exists as to any of [Plaintiff's] claims, entitling Defendants to judgment as a matter of law. Defendants' Motion has been set for submission before the Court on July 23, 2012 at 8:00 a.m. *For the reasons set forth in the attached supporting memorandum and attached appendix*, the Court should enter summary judgment in Defendants' favor and dismiss all of [Plaintiff's] claims with prejudice.

(Emphasis added).

The motion itself states that the grounds are contained in a separate memorandum and an appendix attached to the motion. Because appellees did not expressly present any grounds for summary judgment in their motion, we hold the motion is legally insufficient and must be reversed. *McConnell*, 858 S.W.2d at 342; *Coastal Cement Sand Inc. v. First Interstate Credit Alliance, Inc.*, 956 S.W.2d

4

562, 566 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (holding that "[a] motion does not state the grounds for summary judgment if it simply references an accompanying brief or memorandum of authorities that contains the grounds for summary judgment"). We sustain Peine's second issue on appeal.

## CONCLUSION

Having sustained appellant's second issue on appeal, we reverse the judgment of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.

/s/     J. Brett Busby
        Justice

Panel consists of Justices Jamison, McCally, and Busby.