# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00419-CV

**Marshall Jackson, Jr., Appellant**

**v.**

**Denny Morrison, Janice Robinson, Gateway Foundation, Inc.,
Jesus Sanchez, Robert Auert, Patrick Lowe, and Anita Bjornaas, Appellees**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. 13-0077, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Marshall Jackson, Jr., appeals from the trial court's grant of summary judgment in favor of Denny Morrison, Janice Robinson, Gateway Foundation, Inc., Jesus Sanchez, Robert Auert, Patrick Lowe, and Anita Bjornaas. We will affirm the trial court's summary judgment.

## BACKGROUND

Jackson is an inmate in the Texas Department of Criminal Justice prison system and was previously held at the Kyle Correctional Center in Kyle, Texas.[1] As a condition of his parole, Jackson was required to receive professional drug treatment at an In-Prison Therapeutic Community at the Kyle Correctional Center operated by Gateway Foundation, Inc. A few months after he began his treatment at Gateway, Jackson was disciplined for refusing to participate in many of the program's

---

[1] The facts recited in this opinion are taken from pleadings filed with the trial court.

activities and was subsequently subject to a disciplinary hearing conducted by prison officials regarding his conduct. Jackson was later discharged from Gateway for refusing to take part in group sessions and for failing to complete a number of assigned projects.

A few weeks before being discharged from Gateway, Jackson filed a *pro se* petition against Gateway and some of its employees (the Defendants). In his petition, Jackson alleged that the Defendants "del[eg]ated their professional and legal authority" to treat him to Freddie Clark, a fellow inmate who was also receiving treatment at Gateway; that they were negligent in "failing to prevent Freddie Clark from acting as [Jackson's] therapist[] despite [Jackson's] numerous request[s] over a three (3) month period and then by failing to perform the proper professional treatment"; and that the Defendants were "grossly negligent in denying [Jackson's] request for legal counsel" during his disciplinary hearing. The Defendants maintain that Jackson's treatment was conducted under the supervision of licensed counselors at all times and that they took no part in Jackson's disciplinary hearing.

The Defendants served Jackson with fifteen requests for admissions, which included the following:

> REQUEST FOR ADMISSION NO. 1: Admit or deny that you were given opportunity to have counsel represent you at the disciplinary hearing described in your Petition.
> [. . .]
> REQUEST FOR ADMISSION NO. 6: Admit or deny that the alleged injuries suffered by you in this matter are due to your own negligence for failing to participate in the treatment program.

It is undisputed that Jackson did not respond to these requests.

The Defendants filed a Traditional and No-Evidence Motion for Summary Judgment, arguing that Jackson could not prove a prima facie case for any of his claims because their requests for admissions were deemed admitted.[2] Jackson filed a response to this motion and attached as evidence his own unsworn affidavit. The trial court granted the Defendants' motion for summary judgment without specifying the grounds relied on for its ruling.

Jackson now brings two issues on appeal, contending that the trial court should not have granted the Defendants' no-evidence motion for summary judgment in light of the evidence that he presented in his affidavit.

## STANDARD OF REVIEW

We review summary judgments *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We take as true all evidence favorable to the non-moving party, and we indulge every reasonable inference and resolve any doubts in the non-moving party's favor. *Id.* To prevail on a traditional motion for summary judgment, the moving party must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A defendant who conclusively negates at least one of the essential elements of a cause of action is entitled to summary judgment. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013).

We construe *pro se* pleadings and briefs liberally, but we hold *pro se* litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing

---

[2] According to Rule 198.2(c) of the Texas Rules of Civil Procedure, a request for admission is deemed admitted without a court order if a response is not served within 30 days.

*Mansfied State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). To do otherwise would give *pro se* litigants an unfair advantage over litigants represented by counsel. *Mansfield*, 573 S.W.2d at 185.

## DISCUSSION

Neither of the issues that Jackson brings on appeal addresses the Defendants' traditional motion for summary judgment. By failing to raise this issue in his brief to this Court, Jackson has waived it. *See* Tex. R. App. P. 38.1(f); *Sunbeam Envtl. Servs., Inc. v. Texas Workers' Comp. Ins. Facility*, 71 S.W.3d 846, 851 (Tex. App.—Austin 2002, no pet.) (holding appellants waived issue of attorney's fees by failing to raise it in their initial appellate brief). Even though we liberally construe *pro se* pleadings and briefs, we will not *sua sponte* address appellate issues and arguments that a litigant might have raised but did not. *See Moore v. Brown*, 408 S.W.3d 423, 431 n.10 (Tex. App.—Austin 2013, pet. denied).

Even if Jackson had not waived this issue, we conclude that the trial court properly granted the Defendants' motion for traditional summary judgment. The Defendants' requests for admissions, which were deemed admitted because Jackson failed to respond, conclusively negate at least one essential element of each of Jackson's causes of action. First, Jackson admitted that "the alleged injuries [that he] suffered . . . in this matter [were] due to [his] own negligence for failing to participate in the treatment program." This admission conclusively negates the causation element of his negligence claim. Second, Jackson admitted that he was "given the opportunity to have counsel represent [him] at the disciplinary hearing described in [his] Petition." This admission conclusively negates his claim that the Defendants were grossly negligent in denying his request

for legal counsel during his disciplinary hearing. These deemed admissions leave no issue of material fact and entitle the Defendants to judgment as a matter of law. Having concluded that the trial court's order should be affirmed on the grounds raised in the Defendants' traditional motion for summary judgment, we need not reach the issues that Jackson brings on appeal, which address only the Defendants' no-evidence grounds. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex. 1989) (explaining that when trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious).

## CONCLUSION

We affirm the trial court's grant of summary judgment for the Defendants.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   July 8, 2015