**Opinion issued December 31, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00136-CV

———————————

**TONYA BAUER, AS GUARDIAN OF THE PERSON AND ESTATE OF EMILY BAUER, AN INCAPACITATED PERSON, Appellant**

**V.**

**GULSHAN ENTERPRISES, INC., Appellee**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-71024-B**

---

## DISSENTING OPINION ON REHEARING

I respectfully dissent from the panel's denial of rehearing of this important negligent undertaking case for the reasons set out herein and in my dissenting opinion of February 27, 2020, which I hereby incorporate by reference. In my view,

the majority misconstrues and misapplies the law, requiring Texas Supreme Court correction and clarification of the law that applies when a defendant has undertaken to render services to another party that it should recognize as necessary for the protection of a third person and breaches that duty by negligently failing to exercise reasonable care in performing its undertaking, to the harm of the third person.

Here, defendant Gulshan Enterprises, Inc., as Marketer of ConocoPhillips products, expressly assumed a duty to use reasonable care to ensure that each Marketer Supplied Outlet to which it supplied ConocoPhillips products—including the ConocoPhillips service station and Handi-Stop #79 where drugs were openly displayed, purchased by teenagers in the community, and consumed by the teenaged victim in this case, Emily Bauer, to her great harm—"not engage, permit, or cooperate in any conduct that reflects unfavorably on the reputation of ConocoPhillips in the community . . . or . . . impairs the goodwill associated with the ConocoPhillips Brands." As part of that undertaking, Gulshan also expressly assumed the duty "not [to] permit on, in[,] or from [Handi-Stop #79] . . . the sale or use of illegal drugs or drug paraphernalia." This is the exact assumed duty Gulshan should have recognized as necessary for the protection of teenagers like Emily Bauer in the community but negligently breached, causing the very harm that Emily suffered, with its concurrent damage to ConocoPhillips' reputation and goodwill, as

2

more fully set out in my February 27, 2020 dissenting opinion. *See* Dissenting Opinion at 7–8.

The majority, however, disregards the plain language of the governing contract between ConocoPhillips and Gulshan; conflates the law of negligent undertaking, premises liability, and simple negligence; finds that Gulshan had no right of control of the premises of the Handi-Stop #79, where Emily Bauer's injury occurred, as required for premises liability but not for liability for a negligent undertaking; and concludes that Gulshan assumed no duties with respect to those premises. Accordingly, the majority misses the law, pled by Bauer, that applies to this case, which is currently set out in section 324A of the Restatement (Second) of Torts. This section has been adopted by the Texas Supreme Court and is still being developed by that court and the intermediate appellate courts.

Section 324A provides, in relevant part,

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to [perform] his undertaking.

*See id.* at 17 (quoting RESTATEMENT (SECOND) OF TORTS § 324A (1965)); *Fox v. Dallas Hotel Co.*, 240 S.W. 517, 520–21 (Tex. 1922) (adopting rule underlying section 324A into Texas law), *overruled on other grounds by Burk Royalty Co. v. Walls*, 616 S.W.2d 911 (Tex. 1981); *see also Nall v. Plunkett*, 404 S.W.3d 552, 555–

56 (Tex. 2013); *Shea v. Travelers Indem. Co.*, 730 S.W.2d 774, 775–78 (Tex. App.—Dallas 1987, no writ).

The majority opinion finds no assumed duty on the part of Gulshan to use reasonable care not to permit the display and sale of illegal drugs at Handi-Stop #79 in its contract with ConocoPhillips, and thus no duty to protect ConocoPhillips' goodwill and reputation by protecting third persons from physical harm resulting from its failure to exercise its undertaken duty not to permit the display and sale of illegal drugs at the Handi-Stop with reasonable care, which it should have recognized as necessary for the protection of persons like Emily Bauer and thus for the protection of ConocoPhillips' goodwill and reputation in the community. In making these conclusions, the majority opinion directly conflicts with Texas Supreme Court law adopting and construing the Restatement of Torts and the law made by the Texas Supreme Court and the appellate courts, cited in my February 27, 2020 dissenting opinion and above, that have continued to develop that law.

As the majority opinion is contrary to controlling law and has the potential to do much damage to an area of tort law that is still developing, it fully satisfies Rule 56.1 governing considerations in granting supreme court review. Accordingly, I urge the Texas Supreme Court to grant review of this important case on the construction of the Restatement (Second) of Torts and its application in Texas law and to reverse the panel opinion and judgment.

4

## Conclusion

I would grant rehearing and would reverse the panel decision for the reasons set forth above and in my dissenting opinion of February 27, 2020.

Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Countiss.

Justice Keyes, dissenting.