**Affirmed in Part, and Reversed and Remanded in Part, and Majority and Dissenting Opinions filed June 24, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00409-CV

---

**CASSIE LANDRUM, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JEFFREY LANDRUM, Appellant**

**V.**

**THREE ACES TOWING, INC. D/B/A THREE ACES STORAGE, Appellee**

---

**On Appeal from the 344th District Court
Chambers County, Texas
Trial Court Cause No. 18DCV0253**

---

### D I S S E N T I N G   O P I N I O N

While I agree with the majority with respect to the motion to reconsider and the motion for new trial, I respectfully dissent with respect to the majority's opinion on negligent undertaking. This court should affirm the trial court's order granting summary judgment.

Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000). However, a duty to use reasonable care may arise "when a person undertakes to provide services to another, either gratuitously or for compensation*." Id.*; *see Fort Bend Cty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 395–96 (Tex. 1991). Section 324A of the Restatement (Second) of Torts states the rule for liability to third persons based on negligent undertaking:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965); *see Sbrusch*, 818 S.W.2d at 396.

The majority correctly observes that the existence of a legal duty is a question of law for the court. The critical inquiry concerning the duty element of a negligent-undertaking theory is whether a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam).

Although Section 324A expands the class of persons to whom the duty of care is owed, it does not expand the scope of the undertaking. *Lowe's Home Ctrs., Inc. v. GSW Marketing, Inc.*, 293 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). "Section 324A imposes a duty to perform without negligence only the task that the actor has undertaken to accomplish." *Kuentz v. Cole Systems, Inc.*, 541 S.W.3d 208, 214 (Tex. App.—Houston [14th] 2017, no pet.); *Torrington*,

46 S.W.3d at 839 ("In *Sbrusch*, we observed that '[a] person's duty to exercise reasonable care in performing a voluntarily assumed undertaking is limited to that undertaking.'").

In this case, the evidence is undisputed that Dawn Hancock's actions were limited to helping appellant push the building approximately one foot to the end of the trailer. Dawn[1] testified:

- The driver, Jeffrey Landrum, asked her for some tools so he could remove the "wide load" signs.
- Jeffrey[2] also asked Dawn "to help him push the building to the end of the trailer."
- When Jeffrey asked Dawn for help pushing the building to the end of the trailer, the building was "maybe a foot" from the end of the trailer.
- Dawn did not think that Jeffrey was asking her to help him unload the building.
- When the building got to the end of the trailer, Jeffrey asked Dawn to step away.
- When Dawn and Landrum got to the end of the trailer, he said, "Dawn, stand clear."

Once the building got to the end of the trailer, Dawn's participation in the unloading process ended. As a result, her duty to exercise reasonable care had ceased when Jeffrey started to unload the building from the end of the trailer by himself.

This Court has previously held that liability under a negligent-undertaking theory is limited to the tasks that the actor agreed to perform. In *Kuentz*, a sales manager at a car dealership was shot and killed by a salesman at the dealership. *See Kuentz*, 541 S.W.3d at 210. The manager's wife brought suit against, among others,

---

[1] In this opinion, I refer to Dawn Hancock by her first name because her husband, Robert Hancock, was also a defendant.

[2] In this opinion, I refer to Jeffrey Landrum by his first name because his daughter, Cassie Landrum, individually and as personal representative of the estate of Jeffrey Landrum, is the appellant/plaintiff in this case.

the pre-employment background screening company hired by the dealership, alleging negligence by the screening company for its failure to discover adverse facts about the applicant. *See id*. at 215–16. Based in part on the work from the screening company, the applicant was hired by the dealership and subsequently shot the plaintiff's husband. *See id*. at 211–12. The evidence established that the screening company's services were limited to four discrete inquiries for an $85 fee: (1) a background interview of the potential employee to solicit self-disclosed employment-related historical information; (2) a criminal-records check in the counties where the applicant lived and worked; (3) a drug test; and (4) a social-security verification. *See id*. at 216. The plaintiff argued that if the screening company had done a more thorough job and searched additional databases and employment histories, it would have discovered red flags about the applicant which would have prevented him from being hired by the dealership. *See id*. at 216–18. This Court held that there was no summary-judgment evidence raising a genuine issue of material fact that the screening company "undertook a duty owed to [the sales manager] by [the car dealership] beyond that agreed to between the parties." *Id*. at 219.

Our sister court ruled similarly in *Knife River Corporation-South v. Hinojosa. See* 438 S.W.3d 625 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). There, the Texas Department of Transportation ("TxDOT") contracted with the defendant to resurface a section of Highway 105 in Washington County. *See id.* at 628. The contract required the contractor to give written notice if the contractor encountered differing or latent conditions not addressed by the project plans. *See id.* at 628–29.

During construction, the contractor noticed safety issues in a section of the road involving a box culvert and a steep shoulder drop-off. The contractor notified TxDOT, but the drop-off remained. *See id.* at 629. Five years later, a tractor-trailer driver was killed when he swerved to avoid a head-on collision and fell into the drop-

off. *See id.* The driver's spouse sued the construction company asserting a negligent-undertaking theory. *See id.* The First Court rejected that theory, holding that the law imposes a duty to perform without negligence only those tasks that the actor has undertaken to accomplish. *See id.* at 634. The contractor owed no duty as a matter of law to rectify the drop off. *See id.* at 637; *see also Bauer v. Gulshan Enterprises, Inc.*, 617 S.W.3d 1, 22–28 (Tex. App.—Houston [1st Dist.] 2020, pet. filed) (holding that defendant was only required to exercise reasonable care in performing services that it affirmatively undertook to perform).

The majority opinion implies that Dawn, once she assisted in pushing the building to the end of the trailer, should have continued to assist notwithstanding Landrum's instructions to stop. However, a duty under a negligent-undertaking theory cannot be created by a failure to act. *See Sbrush*, 818 S.W.2d at 396–97.

There is no evidence that Dawn failed to exercise reasonable care with respect to the limited activity that she undertook, i.e., assist in pushing the building approximately one foot to the end of the trailer. The majority opinion conflicts with prior opinions of the Supreme Court of Texas, this court, and other courts of appeals. *See Nall*, 404 S.W.3d at 555; *Sbrush*, 818 S.W.2d at 395–97; *Kuentz*, 541 S.W.3d at 216–19; *Bauer*, 617 S.W.3d at 22–28; *Knife River Corp.*, 438 S.W.3d at 634–37. Under these precedents, this court should affirm the trial court's judgment.

/s/    Randy Wilson
       Justice

Panel consists of Justices Zimmerer, Poissant, and Wilson (Poissant, J., majority).