**Reversed and Remanded and Memorandum Opinion filed May 25, 2023**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00708-CV

## HAFFAN PROPERTIES, LLC, ELVIA BESIL AND EDGAR SPINOSO, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CARLOTA SPINOSO, Appellants

### V.

## VISTA AGENCY, LLC AND MARIA BARBARA GARCIA, Appellees

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2019-81634**

### MEMORANDUM OPINION

The trial court granted final summary judgment in favor of appellees, Vista Agency, LLC and Maria Barbara Garcia, dismissing all of appellants' claims.[1] Appellants appeal the trial court's judgment arguing the trial court erred in granting summary judgment on their claims for breach of contract and negligence.

---

[1] Appellants are Haffan Properties, LLC, Elvia Besil, and Edgar Spinoso, Individually and as Personal Representative of the Estate of Carlota Spinoso.

Concluding there is a genuine issue of material fact on appellants' claims, we reverse the judgment of the trial court and remand for further proceedings.

## STANDARD OF REVIEW

"We review an order granting summary judgment de novo, taking as true all evidence favorable to the nonmovant and indulging every reasonable inference in the nonmovant's favor." *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). If there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial, then no-evidence summary judgment is proper. *Id.* "A properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion." No-evidence summary judgment is improper if the non-movant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* "To be entitled to traditional summary judgment, the movant has the burden to prove that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law." *Id.*

When, as here, "a trial court's order granting summary judgment does not specify the grounds on which its order is based, the appealing party must negate each ground upon which the judgment could have been granted." *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022).

## BACKGROUND

The claims herein are the result of the death of a child, Carlota. Carlota and her family travelled to Mexico. While in Mexico, Carlota was hospitalized and treated for cancer. After a lengthy hospital stay, Carlota eventually died. The litigation herein is over whether appellees, Vista Agency, LLC and Garcia, which

sold appellants the healthcare insurance policy that covered Carlota, made certain promises to appellants that appellees were a "full-service" agency that would help appellants file claims. Appellants allege that appellees undertook and made such promises and acted in furtherance of the promises. However, many claims submitted to the insurer were ultimately denied due to the untimeliness of the claims filed.

In their amended petition, appellants alleged that appellees entered into a contract with appellants to timely submit insurance claims, breached the agreement by failing to timely submit such claims, and caused appellants to sustain damages of more than $2 million. Appellants alleged that appellees had a duty of care to timely submit the insurance claims and to accurately explain the time limitations for the submission of the claims.

Appellees moved for traditional and no-evidence summary judgment on appellants' claims. Appellees argued that there is no evidence of a contract, no evidence of breach, no evidence of a meeting of the minds, and no evidence of consideration. Appellees further argued that there is no legal duty as alleged by appellants and that appellant Edgar admitted he timely submitted the claims himself.

In response, appellants argued that they provided evidence of the elements of their contract claim and attached exhibits. In his affidavit Edgar testified that appellees represented themselves as a "'full-service' insurance agency that not only placed insurance but also handled claims for their clients" and that appellees "agreed to act as agents . . . to procure and manage health insurance coverage." Edgar attested that after his daughter became ill in Mexico, he contacted appellees and requested help in submitting claims and confirming coverage under the healthcare policy and appellee Garcia stated she would be in contact with the

3

healthcare providers to coordinate coverage under the healthcare policy. Edgar attested that he spoke to appellee Barbara "frequently by phone and she assured me she was taking care of the insurance coverage and submission of claims." Attached to Edgar's affidavit is an executed authorization designating Barbara as appellants' agent for purposes of "international claims." Additional attachments include emails from the healthcare insurer directed to both appellant Elvia and Barbara advising them of the status of the claims. The email indicates that "once we have this information we will reach out to Blue Cross Blue Shield of TX, provide them the information (along with the material Barbara provided us this morning), and request them to approve our covering of the expenses on their behalf." In another email addressed to both Elvia and Barbara, the healthcare insurer representative states "[w]e have been unsuccessful in receiving any response from [the hospital in Mexico] nor a response from yourselves in assisting in obtaining information from the hospital." Lastly, the evidence attached to appellants' response shows that at least some of the claims, totaling more than a hundred thousand dollars, were denied due to missing the claim filing deadline.

The trial court granted appellees' summary judgment motion on appellants' breach of contract claim but denied it as to appellants' negligence claims. Appellees again moved for traditional and no-evidence summary judgment on appellants' negligence claims. In the second motion appellees argued that there is no evidence of a legal duty and that Edgar never provided the medical bills for Barbara to submit. Appellees argued that a letter attached as an exhibit clearly demonstrates that appellants' counsel was charged with the duty to prepare and submit the claims. Appellees also attached an affidavit Edgar submitted in a federal court case against the healthcare insurer. Appellees argued that the federal court affidavit and requests for admissions are admissions by appellants in this

4

case and argued that the trial court should disregard Edgar's affidavit in this lawsuit because it contradicts prior sworn testimony. In responding to requests for admissions, appellants admitted that Edgar executed the federal court affidavit under oath and has never retracted, amended, or corrected the federal court affidavit. When asked to admit that Edgar submitted claims or that Edgar "never mentioned" appellees in the federal court affidavit, appellants provided an explanatory response and denied the admission.

Appellants again responded with the same evidence provided in response to appellees' first motion for summary judgment and additional evidence. Appellants argued that their evidence creates a fact issue on whether a duty exists, again attesting that appellees undertook and agreed to submit the claims to the insurer, failed to do so timely, and directed appellants that they had a year to file their claims when the policy only provided ninety days. Appellants further argued that they engaged counsel to submit claims only after the deadline had passed and that it was irrelevant to the claims made against appellees.

Appellees filed a reply, objecting to appellants' summary judgment evidence. The trial court sustained the objections and excluded from consideration "Exhibits 5a, 5b, and 6." The trial court then granted summary judgment on appellants' negligence claims in favor of appellees.

### EDGAR'S PRIOR AFFIDAVIT

As an initial matter, we address the appellees' contention that we should not consider Edgar's affidavit submitted with appellants' responses to the motions for summary judgment. Appellees contend in both summary judgment motions and on appeal that Edgar submitted a contradictory affidavit in a federal lawsuit against the healthcare insurer, in which appellees were "never mentioned" and Edgar "admitted that he submitted the claims." Appellees argue that such statements are

5

admissions and that neither the trial court, nor this court, should consider Edgar's affidavit submitted with appellants' responses in determining whether a genuine issue of material fact has been raised by appellants.

While appellees made these arguments to the trial court, the trial court did not rule on their objection to the alleged sham affidavit submitted by Edgar. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84–90 (Tex. 2018) (discussing sham affidavit rule and holding "a trial court may conclude that a party does not raise a genuine fact issue by submitting sworn testimony that materially conflicts with the same witness's prior sworn testimony, unless there is a sufficient explanation for the conflict."). An objection that an affidavit constitutes a sham affidavit is an attack of form, not substance. *Hill v. Allstate Fire & Cas. Ins. Co.*, 652 S.W.3d 516, 524 n.2 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *Massey v. DISA Glob. Sols., Inc.*, No. 01-21-00355-CV, 2022 WL 3970075, *8 (Tex. App.—Houston [1st Dist.] Sept. 1, 2022, no pet.) (mem. op.). For a defect of form, a party must object and obtain a ruling on such objection to preserve error. *Hill*, 652 S.W.3d at 524 n.2.

Appellees argue that the federal court affidavit and requests for admissions are admissions by appellants in this case. In responding to requests for admissions, appellants admitted that Edgar executed the federal court affidavit under oath and has never retracted, amended, or corrected the federal court affidavit. When asked to admit that Edgar submitted claims or that Edgar "never mentioned" appellees in the federal court affidavit, appellants provided an explanatory response and denied the admission. The trial court did not rule on appellees' objection to Edgar's affidavit in this case and we cannot imply such a ruling based on the trial court's granting of summary judgment in appellees' favor. *See Massey*, 2022 WL 3970075, at *8 ("Although the trial court granted summary judgment, it did not

6

explicitly rule on DISA's objection to Massey's declaration as a sham. Nor did it implicitly rule on the objection by granting the motion."); *see also Well Sols., Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.) (granting summary judgment is not implicit ruling that sustains or overrules objections to summary judgment evidence).

Without an objection and a ruling, the trial court and this court are required to "credit evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in his or her favor." *See Lujan*, 555 S.W.3d at 84. As a result, because the trial court dd not make a ruling on appellees' objection to Edgar's affidavit, we take the affidavit as true and indulge every reasonable inference in appellants' favor. *See JLB Builders, L.L.C.*, 622 S.W.3d at 864.

## BREACH OF CONTRACT

Appellants argue that they submitted sufficient evidence to raise a fact issue to overcome appellees' motion for no-evidence and traditional summary judgment on appellants' breach of contract claim.

## A. General Legal Principles

The elements of breach of contract are: (1) a valid contract between the parties; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach. *Atrium Med. Ctr., LP v. Houston Red C LLC*, 546 S.W.3d 305, 311 (Tex. App.—Houston [14th Dist.] 2017), *aff'd*, 595 S.W.3d 188 (Tex. 2020). To prove a valid contract exists, "the plaintiff must establish that (1) an offer was made; (2) the other party accepted in strict compliance with the terms of the offer; (3) the parties had a meeting of the minds on the essential terms of the contract (mutual assent); (4) each party consented to

7

those terms; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n.21 (Tex. 2018).

**B.    Analysis**

In their motion for summary judgment, appellees argued that appellants have no evidence of a contract, breach, meeting of the minds, or consideration.

Taking as true all evidence favorable to appellants and indulging every reasonable inference in appellants' favor, we conclude the evidence submitted by appellants is sufficient to raise a genuine issue of material fact.  Appellants presented evidence of a contract between the parties—the undertaking of filing claims through the affidavit of Edgar and further supported by the documents attached to their response.  Appellants produced evidence that appellees undertook to contact Carlota's healthcare team and coordinate coverage under the policy through the affidavit and the emails showing that Barbara had provided materials to the insurer, and later when the insurer complained about a lack of response from Barbara (and Elvia) in obtaining information from the hospital.  Edgar attested that appellees reassured him that they were taking care of submitting the claims.  There is a reasonable inference of consideration in that Edgar attests that appellees represented to be a "full-service" agency that would help file and process claims prior to appellants' purchase of the policy.  There is evidence of breach in that the claims were not timely filed and the damages include those claims that were so denied.  Further the evidence of a meeting of the minds is shown through the evidence showing Barbara became an authorized agent to discuss the international claims with the insurer, as well as the emails evidencing her helping with the claims process and submitting documentation to the insurer.  This is sufficient to

overcome the relatively minimal burden of defeating a summary judgment motion.[2]

Appellees argue that when a person offers to render a service gratuitously, there is no consideration. However, appellants provided evidence of consideration in response to the motion for summary judgment as noted above. Appellees further contend that they submitted evidence that they did not have any contractual arrangement to submit or process insurance claims for them, citing to Barbara's affidavit in support of summary judgment. However, we must credit the nonmovant's evidence as true and make all reasonable inferences in the nonmovants' favor.

We conclude that appellants' evidence raises a genuine issue of material fact. We sustain appellants' first issue.

### NEGLIGENCE

Appellants next contend that they provided evidence that appellees agreed to submit claims on appellants' behalf, failed to do so, and such failure harmed appellants. Appellants also argue that they presented evidence that appellees advised appellants that they had a year to present claims to the insurer when the policy provided appellants only ninety days to submit such claims.

### A.    General Legal Principles

"When analyzing a negligence claim, we first ask whether the defendant owed the plaintiff a duty." *JLB Builders*, 622 S.W.3d at 864. "A duty to use reasonable care may arise when a person undertakes to provide services to another,

---

[2] Appellees further argue that appellants waived this issue on appeal because it was not briefed. However, appellants argued that they brought forth evidence of the elements of their claims and cited to the record. We construe briefs reasonably, yet liberally to reach and resolve the merits of the issues and avoid a finding of waiver whenever reasonably possible. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).

either gratuitously or for compensation." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000). Under a negligent undertaking theory, a defendant may be liable if "(1) the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection; (2) the defendant failed to exercise reasonable care in performing those services; and (3) either (a) the plaintiff relief on the defendant's performance, or (b) the defendant's performance increased the plaintiff's risk of harm." *Nall v. Plunkett*, 404 S.W.3d 552, 555–56 (Tex. 2013) (per curiam); *see also Lifshen v. 20/20 Accounting Sols., L.L.C.*, 858 Fed. App'x 704, 707 (applying negligent undertaking theory to promise to pay life insurance premiums).

## B. Analysis

In the second motion appellees argued that there is no evidence of a legal duty and that Edgar never provided the medical bills for Barbara to submit. Appellees argued that a letter attached as an exhibit clearly demonstrates that appellants' counsel was charged with the duty to prepare and submit the claims.

Appellants presented evidence that appellees agreed to submit their international claims and, as a result, owed appellants' a reasonable duty of care in submitting such claims. *See Nall*, 404 S.W.3d at 555–56; *Lifshen*, 858 Fed. App'x at 707–08. As further evidence of this undertaking, appellants' exhibits showed that appellees contacted the healthcare team taking care of Carlota to coordinate coverage under the policy. Edgar attested that after Barbara indicated that she was going to coordinate care he "assumed that she was taking care of submitting claims and coordinating payments . . . . spoke to her frequently by phone and she assured me she was taking care of the insurance coverage and submission of claims." Edgar attested that in October 2018, eight months after Carlota died, Barbara advised appellants to engage counsel to submit such claims. The letter from

appellants' counsel requesting information from Barbara is dated November 2018. Appellants also provided an email from Barbara and attested that in the email Barbara indicated they had one year to submit claims under the policy.

Appellees argue that even if they agreed to submit claims, there is no evidence that appellants provided the claims to submit. However, Edgar's affidavit provides that Barbara assured him that she was submitting the claims. Taken as true, along with the other evidence in the record, this is sufficient to raise a genuine issue of material fact.

Taking as true all evidence favorable to appellants and indulging every reasonable inference in appellants' favor, we conclude the evidence submitted raises a fact issue on appellants' negligence claims.

We sustain appellants' second issue.

## CONCLUSION

Having concluded that appellants provided sufficient evidence to raise a genuine issue of material fact on each element challenged by appellees, we conclude the trial court erred in granting summary judgment on appellants' claims for breach of contract and negligence. Therefore, we reverse the judgment of the trial court and remand for further proceedings.


/s/    Ken Wise
       Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

11