In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00371-CV**

_____

**REMA CHARLES WOLF AND ABRAHAM WOLF, Appellants**

**V.**

**CITY OF PORT ARTHUR, TEXAS, Appellee**

_____

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 136,986**
_____

**MEMORANDUM OPINION**

Abraham and Rema Charles Wolf (Appellants) appeal from the trial court's order granting the City of Port Arthur's (Appellee or the City) Plea to the Jurisdiction and Motions for Summary Judgment in an ongoing dispute over Appellants' property. We affirm the trial court's judgment.

Background

On October 1, 2021, Appellants filed a pro se Original Complaint in Justice of the Peace Court Precinct Eight in Jefferson County, Texas (the JP Court), against

1

the City. Appellants complained "about [the City] taking and destroying" Appellants' property,[1] asked the court "to enforce Article I section 17 of the Texas Constitution[,]" and requested a judgment against the City for "everything Plaintiffs are entitled to by law and equity." Appellants acknowledged in the Complaint that "[t]here is another case in the State Court regarding the jurisdiction and is going to the Court of Appeals," but they stated that "this case is a separate filing for a different time the cause of action was occurred [sic] and is timely filed within 2 years from the second action that occurred by the City."

The City filed a Plea to the Jurisdiction and Traditional and No-Evidence Motions for Summary Judgment, arguing that in Cause No. D-202,920, styled *Rema Charles Wolf v. City of Port Arthur*, the 136th Judicial District Court had already granted the City's Plea to the Jurisdiction and Motions for Summary Judgment over the same subject matter and that court had denied Rema's Motion for New Trial, and decided that Texas courts do not have jurisdiction over Rema's Texas Constitutional (Article I, Section 17) claims against the City. The City attached the rulings in that case, asserted that those rulings at that time were on appeal to this Court in appellate Case No. 09-20-00236-CV, and argued that those rulings were res judicata or collateral estoppel as to any claims made by Rema in this case. The City also argued

---

[1] The pro se Original Complaint did not specifically describe the property, but in other pleadings Appellants clarified that the property at issue was located at 1101 Proctor Street in Port Arthur, Texas.

2

that Plaintiffs' pleadings were insufficient on their face to demonstrate any waiver of governmental or sovereign immunity by the City and that Plaintiffs failed to establish subject matter jurisdiction over their Article I, Section 17 claims because they failed to exhaust state statutory remedies prior to filing the suit and failed to comply with sections 214.001(a) and 54.039(a) of the Texas Local Government Code. The City stated what it called "Undisputed Relevant Facts," and it attached evidence of those facts, as follows:

Effective January 20, 1998, through Ordinance 98-04, the City Council of the City of Port Arthur, Texas deemed it in the best interest of the citizens of the City of Port Arthur, Texas to adopt the Standard Building Code, 1997 Edition, as published by the Southern Building Code Congress, Birmingham, Alabama, and created the Construction Board of Adjustments and Appeals. []

The Rules and Regulations of the Construction Board of Adjustments and Appeals, effective at all times relevant, were subject to the provisions of Chapter 54 of the Texas Local Government Code. []

Plaintiffs own a building located at 1101 Proctor Street[] in Port Arthur, Texas 77640, which was hit by Hurricane Harvey. Plaintiffs purchased the property at a Sheriff's sale on or about November 7, 2017 for $19,000.00. []

At the time Plaintiffs purchased the property, the property had already been inspected and the City of Port Arthur, Texas had found the structure to be substandard and not suitable for rehabilitation. [] Additionally, the water service had been terminated (January 16, 1996[]), it had been requested that Entergy remove the service drop to the property (December 29, 2011[]), and it had also been requested that Texas Gas Service remove all service drops at the property (December 29, 2011[]). [] Finally, on or about September 18, 2017, a lead paint and asbestos study had already been conducted by Total Safety. []

Almost immediately upon Plaintiffs' purchase of the property, the City of Port Arthur, Texas notified Plaintiffs there had been an inspection of the property on December 9, 2011, and the inspection disclosed that the building/structure was unsafe and represented a threat

3

to public health, safety and welfare. [] Plaintiffs were further advised the City of Port Arthur, Texas' Code of Ordinance, Chapter 18 – Buildings, Article VIII – §18-382, which adopted §110.01 of the 2006 International Property Maintenance Code (2006 Edition), required the owner "to repair, rehabilitate, or demolish and [sic] structure which was (a) structurally unsound, unfit for human habitation, (2) substandard and (3) a hazard to public health, safety, and welfare by reason of access constituting a fire hazard or other danger to human life and/or has inadequate maintenance or abandonment. []

On or about February 7, 2018, City of Port Arthur, Texas, advised Plaintiff "that the Building Board of Adjustments and Appeals of City of Port Arthur, Texas would hold a Public Hearing on Thursday, March 15, 2018 at 2:00 p.m. at City Hall 5th Floor Council Chambers to show cause why the buildings, dwellings, or structures set forth herein should not be demolished or be repaired in accordance with the statement of particulars set forth in the Building Official's notice." [] This correspondence was delivered to Plaintiff on February 23, 2018. [] The Notice of Public Hearing of Condemnation by the Construction Board of Adjustment and Appeals of the City of Port Arthur, Texas, was also published in the Port Arthur News on February 25, 2018, and March 4, 2018. []

Plaintiffs attended the Construction Board of Adjustments & Appeals on March 15, 2018 [], and according to the minutes, "appeared before the board to speak on this property." [] At this meeting of Construction Board of Adjustments & Appeals, it was unanimously decided to issue a "90-day Raze or Repair Order" on 1101 Proctor Street. []

On or about March 22, 2018, Plaintiffs were notified, in writing, of the Construction Board of Adjustments & Appeals decision ordering the property razed or repaired in 90 days. [] The City of Port Arthur, Texas, also published notice of the Construction Board of Adjustments & Appeals Order in the Port Arthur News on March 20, 2018. [] The notice in the Port Arthur News explicitly stated:

> [t]he following structures were declared to be public nuisances in accordance with Article VIII, Section 18-384, of the Code of Ordinances of the City of Port Arthur, it was ordered that the owner(s) of the following property execute a work program within ten [] days of the effective date of this order and either demolish or complete repairs and pass all final inspections within ninety (90) days.

4

Should the owner(s) fail to make substantial completion as defined in the work program, within the required ninety (90) days from the initiating date of the work program, the Construction Board orders that the property be demolished without further notification to the owner(s) or further Board action.

[]

On or about October 25, 2018, over seven months after the Construction Board of Adjustments & Appeals Order, Plaintiffs were notified, in writing, that City of Port Arthur, Texas had awarded bids to demolish the structures at 1101 Proctor Street, Port Arthur, Texas. []

On November 9, 2018, the City of Port Arthur, Texas, issued a demolition permit for 1101 Proctor Street to Inland Environmental. []

On November 16, 2018, the City of Port Arthur, Texas began demolition of 1101 Proctor Street. []

On November 16, 2018, Plaintiff filed for a Temporary Restraining Order, which was granted. [] The Court did not require a bond "based on the petitioner's financial limitations." [] The matter was set for additional hearing on November 27, 2018. []

On November 30, 2018, the Court issued an Order Extending Temporary Restraining Order. [] The Court stated "[t]his order shall expire at Midnight, December 14, 2018. As a condition of this Order, Plaintiffs shall be required to erect safety fencing around the property to protect the public safety and welfare." []

On February 4, 2019, the Court denied Plaintiffs' Application for Temporary Restraining Order and Temporary Injunction, and ordered "that the previous order granting a temporary restraining order shall expire at midnight on the night of February 4, 2019 and there should not issue any further injunctions temporary, permanent, or otherwise." []

On February 18, 2019, the remobilization of equipment and demolition was restarted. [] On February 20, 2019 the demolition was completed. []

The City filed a Motion to Dismiss, Motion to Consolidate, Special Exceptions, Original Answer and Affirmative Defenses (hereinafter Motion to Dismiss), asserting that on September 17, 2020, the 136th Judicial District Court had

5

granted the City's Plea to the Jurisdiction and Motions for Summary Judgment, that the September 17, 2020 Judgment had been appealed to this Court, and that Rema had filed two additional suits over the same facts and subject matter. According to the City, Rema's cause of action under Article I, Section 17 was the same subject matter and duplicative of the prior suit that was pending at that time on appeal with this Court, and the present lawsuit should be dismissed. In the alternative, the City asked that the court consolidate the present case with Cause No. D-202,920 in the 136th Judicial District Court because both cases involved the same attorneys, same parties, and same evidence. The City filed special exceptions to Plaintiffs' Original Petition, and the City's Original Answer asserted affirmative defenses including lack of subject matter jurisdiction. The City also attached exhibits to its motion, including pleadings in Cause No. D-202,920 in the 136th Judicial District Court, that court's judgment granting the City's Plea to the Jurisdiction and Motions for Summary Judgment, and that court's denial of Rema's motion for new trial.

Plaintiffs filed a response alleging that the JP Court suit is different from the former because it was for a cause of action that "happened on a different time." The Justice of the Peace Court denied the City's Plea to the Jurisdiction and Motions for Summary Judgment, and the City pursued a de novo appeal to the County Court at Law Number One in Jefferson County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8); Tex. R. Civ. P. 506.3.

6

On October 11, 2021, the City filed an Amended Plea to the Jurisdiction and Amended Traditional and No-Evidence Motions for Summary Judgment, again asserting there was a lack of subject matter jurisdiction over Plaintiffs' Article I, Section 17 claim because the claim was barred by the doctrines of res judicata or collateral estoppel preventing relitigation of the same cause of action or issue in a second suit between the same parties, and that Plaintiffs had not shown they have a viable claim under Article I, Section 17 of the Texas Constitution. The City also asserted that Plaintiffs' argument that damages caused by the demolition in 2018 were different than those caused by the continued demolition in 2019 was inaccurate. According to the City, on November 16, 2018, the City began demolition, then the same day Plaintiffs filed for a TRO, which was granted. The Order dated November 30, 2018, extended the TRO and stated that it would expire at midnight, December 14, 2018, and as a condition of the order Plaintiffs were required to erect safety fencing around the property. The City notes that the trial court did not reconsider the TRO or Temporary Injunction for almost sixty days, the trial court thereafter denied Plaintiffs' Application for Temporary Restraining Order and Temporary Injunction and ordered that the prior TRO expire at midnight on February 4, 2019, and the trial court ordered that no further injunctions would issue. Once all temporary orders had expired, on February 18, 2019, the demolition was then continued, and the demolition was completed on February 20, 2019.

Appellants argued in the JP Court and on appeal de novo to the County Court at Law, that this case is "a completely different case[]" that "occurred at [a] different time[]" (on February 19, 2019) than the case in Cause No. D-202,920 in the 136th Judicial District Court. According to Appellants, they provided a notice of claim in this suit to the city manager, "[t]he subject building was taken and destroyed [f]or or applied to public use[,]" the City used the property for public use during the City's Mardi Gras parade celebration, the City used the property to park its heavy equipment without Appellants' consent, the City unlawfully used the property for changing heavy equipment oil and dumping oil and destroying the soil without Appellants' consent and without compensating Appellants, and the Construction Board of Adjustments & Appeals never made a final administrative determination that the subject building should be demolished because of code or ordinance violations or because it was a public nuisance.

After a hearing, on November 4, 2021, the County Court at Law granted the City's Plea to the Jurisdiction and Motions for Summary Judgment.[2] Appellants filed this appeal.

---

[2] Because an appeal from the justice of the peace court is de novo, we refer to the County Court at Law No. 1 hereinafter as the trial court. *See* Tex. R. Civ. P. 506.3. Also, the City's Amended Plea to the Jurisdiction and Amended Traditional and No-Evidence Motions for Summary Judgment were on file at the time the County Court at Law No. 1 granted the motions.

Prior Litigation

The demolition of the property at 1101 Proctor Street in Port Arthur, Texas, has been the subject of ongoing litigation. This Court takes judicial notice of the record on appeal in Rema's prior lawsuit styled *Rema Charles Wolf v. The City of Port Arthur*, in the 136th Judicial District of Jefferson County, Texas.[3] *See Moore v. Zeller*, 153 S.W.3d 262, 264 (Tex. App.—Beaumont 2004, pet. denied) (explaining that a court may take judicial notice of its own records, including the record in the appeal of an appellant's prior lawsuit). In November 2018, Rema Wolf filed an Original Petition and Application for Temporary Restraining Order and Temporary Injunction in the 136th District Court in Jefferson County, Texas. Rema sued the City for fraud, harassment and trespassing related to the demolition of her property located at 1101 Proctor Street, Port Arthur, Texas. Rema also sought a temporary restraining order to stop the demolition of the building on the property.[4]

---

[3] According to a document filed by the City in this appeal, Rema has filed multiple suits against the City (and additional defendants in some cases) regarding the demolition of the property. As to those suits, we note that there have been several appeals to this Court in addition to this appeal, including appellate Case No. 09-20-00236-CV, No. 09-21-00382, and No. 09-21-00383-CV. That said, for purposes of this appeal, we limit our discussion of any prior related litigation to the suit filed by Rema against the City in the 136th District Court and the appeal of that court's judgment granting the City's plea to the jurisdiction and motions for summary judgment, which was part of appellate Case No. 09-20-00236-CV.

[4] The 136th Judicial District Court denied Rema's Application for Temporary Injunction, and that decision was affirmed by this Court. *See Wolf v. City of Port Arthur*, No. 09-19-00047-CV, 2020 Tex. App. LEXIS 6187, at **11-12, *21 (Tex. App.—Beaumont Aug. 6, 2020, no pet.) (mem. op.).

Rema filed an Amended Petition alleging against the City violations of Article I, Section 17 of the Texas Constitution, tort claims based on negligence, trespass to property, unjust enrichment, intentional misrepresentation, fraud, theft of property, invasion of privacy, intentional infliction of emotional distress, and illegal dumping.

The City filed a Plea to the Jurisdiction and Motions for Summary Judgment, asserting various grounds including that Rema had no viable claim under Article I, Section 17 of the Texas Constitution because she failed to meet statutory prerequisites for suit under sections 214.0012 and 54.039 of the Texas Local Government Code.

On August 19, 2020, Rema filed her Fifth Amended Original Petition (the petition on file at the time the 136th Judicial District Court granted the City's Plea to the Jurisdiction and Motions for Summary Judgment in that case) and included a takings claim under Article I, Section 17 of the Texas Constitution. According to Rema, the destruction and demolition of her building at 1101 Proctor constituted a taking in violation of Article I, Section 17 of the Texas Constitution because she has not been compensated for the injury and the damage that resulted to her by the destruction of the building and the taking was for a public use.

In September of 2020, the 136th District Court granted the City's Plea to the Jurisdiction and Motion for Summary Judgment on the ground that Rema had failed to timely appeal as required by sections 54.039 and 214.0012(a) of the Texas Local

Government Code, and that judgment was appealed to this Court. *See Wolf v. City of Port Arthur*, No. 09-20-00236-CV, 2022 Tex. App. LEXIS 3897, at *3 (Tex. App.—Beaumont June 9, 2022, pet. denied) (mem. op.). This Court affirmed the trial court's judgment granting the City's plea to the jurisdiction and motion for summary judgment "[b]ecause [Rema] failed to seek judicial review in the manner set forth by sections 54.039 and 214.0012(a) of the Texas Local Government Code, and because [Rema] similarly failed to state a claim under the Texas Tort Claims Act[.]" *Id.* at *12. On October 21, 2022, the Texas Supreme Court denied Rema's petition for review. *See Wolf v. City of Port Arthur*, No. 22-0732, 2022 Tex. App. LEXIS 941 (Tex. Oct. 21, 2022). On January 20, 2023, the Texas Supreme Court denied Rema's motion for rehearing of her petition for review. *See Wolf v. City of Port Arthur*, No. 22-0732, 2023 Tex. App. LEXIS 45 (Tex. Jan. 20, 2023).

Standard of Review and Applicable Law

Governmental immunity protects political subdivisions of the State, including cities, from lawsuits for damages, because unless the governmental unit has consented to suit, a trial court lacks subject matter jurisdiction to consider a claim against it. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3, 696 (Tex. 2003); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B).

11

Consent to suit is found in a constitutional or legislative provision, and whether subject matter jurisdiction exists, based on a waiver of immunity, is a question of law, and we review the trial court's ruling on a plea to the jurisdiction de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Miranda*, 133 S.W.3d at 226, 228.

A governmental entity may file a plea to the jurisdiction to challenge a court's power to resolve the merits of a plaintiff's claims. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). To defeat the government's immunity, the plaintiff must plead facts that affirmatively demonstrate that governmental immunity has been waived and the trial court has subject matter jurisdiction. *Holland*, 221 S.W.3d at 642. When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to determine whether a fact issue exists. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (citing *Miranda*, 133 S.W.3d at 227). We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228.

In cases involving damage or destruction of property, immunity is waived through the application of the Texas Constitution, which states, in pertinent part:

> (a) No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and only if the taking, damage, or destruction is for:

12

(1) the ownership, use, and enjoyment of the property, notwithstanding an incidental use, by:
    (A) the State, a political subdivision of the State, or the public at large; or
    (B) an entity granted the power of eminent domain under law; or
(2) the elimination of urban blight on a particular property.

Tex. Const. art. I, § 17(a).

We review a trial court's grant of summary judgment de novo. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). When the trial court does not specify the grounds for its ruling, a summary judgment will be affirmed if any of the grounds advanced by the motion are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000). In a traditional motion for summary judgment, the moving party must show that no genuine dispute exists as to any material fact such that the party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A defendant may obtain summary judgment by conclusively establishing an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). We review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007).

> "Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action." The policies behind res judicata "reflect the need to bring litigation to an end, prevent vexatious litigation, maintain stability of court decisions,

13

promote judicial economy, and prevent double recovery." For any rational and workable judicial system, at some point litigation must come to an end, so that parties can go on with their lives and the system can move on to the other disputes. We have recognized the "fundamental rule that it is the purpose of the law to put an end to litigation and expedite the administration of justice."

*Engelman Irrigation Dist. v. Shields Bros.*, 514 S.W.3d 746, 750 (Tex. 2017) (citations omitted). The affirmative defense of res judicata is established by proof of (1) a prior final determination on the merits by a court of competent jurisdiction;[5] (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as those that were or could have been raised in the first action. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705-06 (Tex. 2021). The party asserting the affirmative defense of res judicata has the burden of proving each element of the defense. Tex. R. Civ. P. 94; *Eagle Oil & Gas Co.*, 619 S.W.3d at 706.

We construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("*pro se* pleadings and briefs are to be liberally construed[]"); *see also Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) (a reviewing court construes points of error liberally to obtain a just, fair, and equitable adjudication of the parties' rights). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply

---

[5] A prior plea to the jurisdiction decision based on sovereign or governmental immunity is a final judgment from a court of competent jurisdiction. *Engelman Irrigation Dist. v. Shields Bros.*, 514 S.W.3d 746, 750-55 (Tex. 2017).

with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

Analysis

Appellants argue the trial court erred in granting the City's Plea to the Jurisdiction and Motions for Summary Judgment, and Appellants parse their argument into ten statements they call "issues." Each of their statements pertains to the overall complaint that the trial court erred in granting the City's Plea to the Jurisdiction and Motions for Summary Judgment. We conclude the trial court properly granted the City's Plea to the Jurisdiction and Motions for Summary Judgment because Rema's takings claim is barred by res judicata and Abraham lacks standing.[6]

Appellants argue that the takings claim in the JP Court as presented to the County Court at Law is different than the takings claim in Cause No. D-202,920, styled *Rema Charles Wolf v. City of Port Arthur*, in the 136th Judicial District Court of Jefferson County, Texas. We disagree. In Cause No. D-202,920, Rema's Fifth Amended Petition was before the 136th Judicial District Court at the time it granted the City's Plea to the Jurisdiction and Motions for Summary Judgment. The Fifth Amended Petition included, among other claims, a takings claim against the City for

---

[6] Because the issue of standing is jurisdictional, it can be raised for the first time on appeal. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). Here, the City raised the issue of Abraham's standing in its brief on appeal.

the destruction of the property at 1101 Proctor, and allegations that the City used the property for public use and did not compensate Rema for damages caused by the City's destruction of the building on the property. In Rema's affidavit attached to the petition, she alleged that the City used the property during the Mardi Gras parade. In the underlying allegations in the present JP Court as presented to the County Court at Law, in Appellants' pro se Original Petition Appellants generally complained "about [the City] taking and destroying" Appellants' property, and they asked the court "to enforce Article I section 17 of the Texas Constitution[.]" In Rema's affidavit attached to the petition, she asserted the City used the property during the Mardi Gras parade. Appellants' appellate brief complains that the City took and damaged their property at 1101 Proctor Street, destroyed the property with heavy equipment and illegal dumping, and used the property for public use. This Court recently concluded in Case No. 09-20-00236-CV, the appeal of the case from the 136th Judicial District Court that the trial court lacked subject matter jurisdiction over Rema's case and properly granted the City's plea to the jurisdiction because Rema's failure to file a direct appeal of the City's administrative determination barred her subsequent collateral attack on that determination. *See Wolf*, 2022 Tex. App. LEXIS 3897, at **7-10 (citing *City of Beaumont v. Como*, 381 S.W.3d 538, 539-40 (Tex. 2012); Tex. Loc. Gov't Code Ann. §§ 54.039(a), 214.0012(a)). We conclude that the trial court correctly granted the City's Plea to the Jurisdiction and

Motions for Summary Judgment because Rema's claim in the present suit is the same as the takings claim that was dismissed in Cause No. D-202,920 in the 136th Judicial District Court.

The trial court had uncontradicted evidence presented with the City's motions that Rema's current suit is barred by res judicata. The City provided proof of a prior final determination on the merits by a court of competent jurisdiction. *See Eagle Oil & Gas Co.*, 619 S.W.3d at 705-06. The City also established that the prior suit was between both Rema and the City. *See id.* As to the third element establishing res judicata, the City has demonstrated that the present suit is based on the same claims as those that were or could have been raised in the first action. *See id.*

As to Abraham's claim, "'it is fundamental that, to recover under the constitutional takings clause, one must first demonstrate an ownership interest in the property taken[,]'" and if one "does not own the disputed land, the takings claim is not viable, and the trial court lacks jurisdiction." *See Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013) (quoting *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 644 (Tex. 2004)). Abraham alleged he was an owner of the property at issue, but the City attached evidence to its Amended Plea to the Jurisdiction and Amended Motions for Summary Judgment

17

demonstrating that Rema is the only owner of record for the property,[7] and Abraham did not provide the trial court with any evidence to the contrary.

Because we conclude as explained above that the trial court did not err in granting the City's Plea to the Jurisdiction and Motions for Summary Judgment and entering a dismissal of Plaintiffs' claims with prejudice, we do not reach Appellants' other challenges. *See* Tex. R. App. P. 47.1 (instructing appellate courts to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition on appeal[]"). Accordingly, we overrule Appellants' issues and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on March 14, 2023
Opinion Delivered April 6, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

---

[7] The City cites to the Sheriff's Deed executed on November 7, 2017, that lists Rema Charles Wolf as the purchaser of the property, Rema's pleadings and affidavit stating that she is the owner of the property that were filed in her suit in the 136th Judicial District Court, and these documents are included in our appellate record. Additionally, even if Abraham has standing, he has not demonstrated that he met the statutory prerequisites for suit under sections 214.0012 and 54.039 of the Texas Local Government Code.