**Affirmed and Opinion filed August 14, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00382-CV

---

### NEERA PATIDAR AND AKBAR HOSSAIN, Appellants

### V.

### BANK OF AMERICA, N.A. AND FANNIE MAE A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellees

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2012-60394**

---

### O P I N I O N

This is an appeal from a summary judgment granted against a petition for bill of review. In two issues, appellants Neera Patidar and Akbar Hossain contend the trial court erred in denying their petition for bill of review and in granting summary judgment favoring appellees, Bank of America, N.A. and Fannie Mae a/k/a Federal National Mortgage Association. We affirm.

## *Background*

In the underlying action, appellants alleged that they owned a home for which Bank of America's apparent predecessor in interest, BAC Home Loans Servicing, LP, serviced the mortgage. According to appellants, after the home received damage from Hurricane Ike in 2008, their property insurance company issued a check made payable jointly to them and BAC. Appellants contended that by withholding a portion of the insurance proceeds, BAC breached the deed of trust associated with the mortgage and violated chapter 557 of the Texas Insurance Code.[1] On this basis, appellants sought a declaratory judgment as well as damages for breach of contract, violation of the Insurance Code, breach of fiduciary duty, and conversion.[2]

Bank of America answered the lawsuit and, on February 12, 2012, filed a combined traditional and no-evidence motion for summary judgment as to all claims and all parties (the 2012 MSJ). On March 9, 2012, appellants filed two motions: a motion to continue the trial date and extend the time for discovery and a motion to continue the proceedings on the 2012 MSJ.[3] The trial court granted the first motion on March 13, moving the trial date and extending time for discovery, but the trial court never expressly ruled on the second motion, which sought a continuance of the summary judgment proceedings. Appellants did not file a response to the 2012 MSJ. On March 26, the trial court granted the 2012 MSJ; this

---

[1] Among other provisions, the deed of trust permitted the withholding of insurance proceeds pending inspection of completed repairs. The parties dispute which side was responsible for delays in obtaining the requisite inspection.

[2] Appellants further assert that BAC's actions led to foreclosure on their property in October 2012 and subsequent efforts to rescind the sale and stay eviction proceedings. These alleged occurrences play no role in our analysis in this case.

[3] Around this same time, appellants' original counsel filed a motion to withdraw, which the court granted, and new counsel filed a notice of appearance. The motions to continue and to enlarge time for discovery appear premised to some degree on the changeover of counsel.

was effectively a final judgment, as it disposed of all claims and all parties, including disposing of all appellants' claims in Bank of America's favor.[4] On May 7, the trial court entered an order apparently attempting to vacate the order granting summary judgment.[5] Appellants subsequently filed an amended petition adding Fannie Mae as a defendant. On May 30, Bank of America filed a plea to the jurisdiction, asserting the trial court's plenary power had expired on April 26, *before* the court attempted to vacate the summary judgment; thus, the court lacked jurisdiction to vacate the judgment. The court agreed and granted the plea to the jurisdiction on August 21.

Appellants filed their Petition for Bill of Review and Application for Temporary Restraining Order and Injunctive Relief on October 11, 2012. In this petition, appellants asserted that in the underlying suit, the trial court's alleged mistake in inadvertently failing to rule on the motion for continuance of the 2012 MSJ—and instead mistakenly granting the 2012 MSJ before a response was filed—prevented appellants from presenting their responsive contentions to the motion. Additionally, appellants asserted that they did not receive notice of the trial court's ruling in time to bring a direct appeal.[6] A plethora of documents are attached to the petition, including an Affidavit in Support of Application for Injunctive Relief, documents relevant to the underlying dispute between the

---

[4] Although the trial court's order granting the 2012 MSJ is entitled simply "Order" and does not contain specific language of finality, it clearly disposed of all parties and claims then pending in the lawsuit. *See, e.g., In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) ("A judgment that actually disposes of all parties and all claims is final, regardless of its language . . . .").

[5] The May 7 order is simply a copy of the March 26 order granting summary judgment with the word "Vacated" handwritten on it along with the date and the judge's signature.

[6] Appellants acknowledged in the petition that a certificate of service creates a presumption of notice but argue that such a presumption is extinguished when evidence is introduced that notice was in fact not received.

parties, and a proposed temporary restraining order.

On February 12, 2013, appellees filed a combined traditional and no-evidence motion for summary judgment with attached documentation (the 2013 MSJ). Again, appellants failed to file a response. The trial court was scheduled to hear argument regarding the 2013 MSJ on March 22. No transcription of any such hearing appears in the record on appeal. The trial court granted the 2013 MSJ on March 27, without stating specific grounds for the ruling. This appeal followed.

### *Standards of Review*

A bill of review is an equitable proceeding aimed at setting aside a prior judgment that is no longer subject to being challenged by a motion for new trial or on direct appeal. *Mabon Ltd. v. Afri-Carib Enters.*, 369 S.W.3d 809, 812 (Tex. 2012). A bill-of-review plaintiff must generally plead and prove three elements: (1) a meritorious defense in the underlying litigation, (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake, (3) unmixed with any fault or negligence by plaintiff. *See id.* The grounds on which a plaintiff may obtain a bill of review are construed narrowly due to Texas policy favoring the finality of judgments. *Id.* When a bill-of-review plaintiff claims and proves it had no service or notice, it is relieved of proving the first two elements for a bill of review and must only establish a lack of fault or negligence. *Id.* at 812-13; *Saint v. Bledsoe*, 416 S.W.3d 98, 102 (Tex. App.—Texarkana 2013, no pet.).[7]

We review a trial court's grant of summary judgment under a de novo

---

[7] Lack of negligence is conclusively established if the bill-of-review plaintiff proves it was never served with process. *Mabon Ltd.*, 369 S.W.3d at 812. This rule, however, does not apply where appellants were the plaintiffs in the underlying action and thus were not entitled to receive service of process. Appellants claim only that they did not receive notice of the trial court's ruling on the 2012 MSJ in time to challenge it by a motion or direct appeal.

4

standard. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam). In a traditional motion for summary judgment, the movant must state specific grounds supporting judgment, and a defendant who conclusively negates at least one essential element of a cause of action is entitled to judgment. Tex. R. Civ. P. 166a(c); *Nall*, 404 S.W.3d at 555. If the movant's motion and summary-judgment evidence conclusively prove a right to judgment as a matter of law, the burden then shifts to the nonmovant to raise a genuine issue of material fact sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In a no-evidence motion, the movant contends that the nonmovant can produce no evidence supporting one or more essential elements of a claim for which the nonmovant would bear the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Boerjan v. Rodriguez*, No. 12-0838, 2014 WL 2895997, at *2 (Tex. June 27, 2014). The trial court must grant a no-evidence motion unless the nonmovant raises a genuine issue of material fact on each challenged element. Tex. R. Civ. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam).

When a party has filed both a traditional and no-evidence summary judgment motion, we typically review the propriety of the summary judgment under the no-evidence standard first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence summary judgment was properly granted, we need not reach the grounds argued in the traditional motion. *Id.* When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Generally, a failure to respond to a no-evidence motion is fatal to the nonmovant's ability to assert on appeal that the trial court erred in granting the

5

motion. *Burnett v. Carnes Funeral Home, Inc.*, No. 14-12-01159-CV, 2014 WL 2601567, at *4 (Tex. App.—Houston [14th Dist.] June 10, 2014, no pet. h.) (mem. op.); *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 692 (Tex. App.—Houston [14th Dist.] 2010, no pet.). When a nonmovant fails to respond to a traditional motion, the nonmovant is limited on appeal to arguing the legal sufficiency of the grounds presented in the motion. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)).

## *Discussion*

We begin our analysis with the second element in a bill-of-review action, requiring plaintiffs to establish that they were prevented from presenting their meritorious defense in the underlying action by the fraud, accident, or wrongful act of the opposing party or by official mistake. *See Mabon Ltd.*, 369 S.W.3d at 812.[8] Appellants allege that the trial court's failure to rule on their motion for continuance of the 2012 MSJ proceedings prevented them from presenting their responsive contentions to the motion before the court granted summary judgment

---

[8] Appellants do not appear to contend, either in their petition or their brief on appeal, that a lack of notice in this case means that they are relieved from proving the first two elements for a bill of review. *See Mabon Ltd.*, 369 S.W.3d at 812. Appellants merely contend that the lack of timely notice of the ruling on the 2012 MSJ, rather than their own fault, negligence, or lack of due diligence, caused their failure to timely avail themselves of available legal remedies in the underlying action (such as filing a motion for new trial or a timely appeal). Moreover, even if this discussion of notice could be taken as a contention that appellants did not have to prove all of the standard bill-of-review elements, in their 2013 MSJ, appellees specifically asserted that there was no evidence appellants did not receive proper notice. As discussed above, appellants did not respond to the 2013 MSJ. *See Burnett*, 2014 WL 2601567, at *4 (explaining that a failure to respond to a no evidence motion is fatal to a nonmovant's ability to assert the trial court erred in granting the motion); *Transcon. Ins.*, 321 S.W.3d at 692 (same). Thus, all of the bill-of-review elements are at issue in this case: (1) a meritorious defense in the underlying litigation, (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake, (3) unmixed with any fault or negligence by plaintiff. *See Mabon Ltd.*, 369 S.W.3d at 812.

6

favoring Bank of America. Appellants describe this failure to rule as an error or mistake by the trial court.[9]

Although appellees' 2013 MSJ is not a model of clarity on this point, they do assert therein that appellants cannot prove that the trial court committed error because the motion for continuance was defective and the court impliedly ruled on the motion; thus, appellants cannot show that such alleged mistake prevented them from presenting their defense to the 2012 MSJ.[10] As mentioned, appellants also failed to respond to the 2013 MSJ in the trial court. Consequently, they cannot assert on appeal that the trial court erred in granting the 2013 no-evidence motion. *See Burnett*, 2014 WL 2601567, at *4; *Transcon. Ins.*, 321 S.W.3d at 692.

Moreover, even if the portion of appellees' 2013 MSJ dealing with the second element were interpreted as only a traditional motion, the 2013 MSJ is still meritorious on this element.[11] Appellees attached a number of significant

---

[9] A bill-of-review plaintiff who establishes "official mistake" is relieved of proving that his failure to present a meritorious claim or defense was caused by the wrongful conduct of the opposing party, the typical second element of a bill of review. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987). An official mistake generally occurs when a court official commits error in the discharge of his official duties and that error prevents the complainant from presenting his defense in the former action or from challenging the judgment by post-judgment actions or appeal. *Baker v. Goldsmith*, 582 S.W.2d 404, 407 (Tex. 1979).

[10] Appellees' 2013 MSJ specifically states that it is brought as both a traditional and no-evidence motion. Appellees additionally provide the proper standards for consideration of both types of motions, and they state the elements for a bill of review; thus, the 2013 MSJ does not present the problem of ambiguity discussed in our prior opinion in *J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 195 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (treating ambiguous summary judgment motion as traditional because it failed to specify whether it was brought under traditional or no-evidence grounds and provided nonmovant with insufficient notice that movant sought no-evidence summary judgment).

[11] *Cf. In re D.W.G.*, 391 S.W.3d 154, 165 (Tex. App.—San Antonio 2012, no pet.) ("When an insufficient no-evidence summary judgment motion also contains language indicative of a traditional summary judgment motion, the motion may be treated as a traditional summary judgment motion."). Here, of course, appellees' 2013 MSJ is a combined no-evidence and traditional motion.

7

documents from the record in the underlying case to the 2013 MSJ. Appellees then asserted in the motion that the record demonstrates the trial court did not make any inadvertent mistake as alleged by appellants. More specifically, appellees point out that the trial court's granting of the 2012 MSJ *impliedly* denied the motion for continuance. *See, e.g., Samson v. Garza*, No. 01-12-00938-CV, 2013 WL 5827710, at *1 (Tex. App.—Houston [1st Dist.] Oct. 29, 2013, pet. denied) (mem. op.); *West v. SMG*, 318 S.W.3d 430, 436 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Brown v. Capital Bank, N.A.*, 703 S.W.2d 231, 233 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

On appeal, appellants do not argue that the trial court erred in denying the continuance motion. Appellants also do not provide any authority to support the notion that a court cannot grant summary judgment while a motion for continuance is pending.[12] Instead, appellants point to the trial court's attempt to vacate the grant of the 2012 MSJ in the underlying case as proof that the court viewed that grant of summary judgment (prior to an express ruling on the continuance motion) to have been erroneous. In other words, appellants contend that the attempt to vacate the judgment is tantamount to an admission of a mistake by the trial court. However, nothing in the record before us supports this conclusion. The attempted order to vacate itself—which is simply the word "Vacated" handwritten along with the date and the judge's signature on a copy of the order granting the 2012 MSJ— does not reveal anything about the reason for the attempt, much less acknowledge any error. Moreover, no record is presented regarding any hearing on the attempted order to vacate.

---

[12] Indeed, as the cited cases indicate, in that situation the continuance motion is overruled when the summary judgment is granted. *See Samson*, 2013 WL 5827710, at *1; *West*, 318 S.W.3d at 436; *Brown*, 703 S.W.2d at 232.

### *Conclusion*

In short, appellants failed to raise a genuine issue of material fact in regards to the second element of their petition for bill of review. Accordingly, the trial court properly granted appellees' 2013 MSJ on traditional and no-evidence grounds. *See Hamilton*, 249 S.W.3d at 426; *Willrich*, 28 S.W.3d at 23.

We overrule appellants' issues and affirm the trial court's judgment.

/s/         Martha Hill Jamison
               Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.