**Affirmed and Memorandum Opinion filed August 22, 2024.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-23-00563-CV

---

## NATHANIEL W. HOPKINS, Appellant

## V.

## META PLATFORMS INC., Appellee

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1200431**

---

## MEMORANDUM OPINION

This case started with a claim brought in the Justice of the Peace court. The claim was dismissed then appealed de novo to the county civil court at law. At this third station of the litigation, we review the statutory county court's final summary-judgment order, dismissing pro se plaintiff-appellant's claims against defendant-appellee Meta for fraud, trespass, federal criminal violations, and violations of the Texas Constitution. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2022, appellant, Nathaniel Hopkins, appearing pro se, filed an action in the Justice Court of Harris County, Precinct 7, Place 1, seeking damages and the return of his personal property allegedly within appellee, Meta Platforms, Inc.'s possession. In his petition, Hopkins alleged that his "request for the name and contact information for Facebook surety, fidelity, or public liability bond holder have [sic] been ignored." The petition requested relief in the form of "$19,999" and the return of personal property: "photos[,] works of art exchanged, in each and every form, between [Hopkins and Meta]".[1]

Meta answered and filed its "Motion for Summary Disposition." The record contains no direct opposition to Meta's motion; rather, appellant responded if at all by filing an exposition on standing and various trial exhibits, including newspaper articles and web pages.[2] On February 20, 2023, the Justice Court heard Meta's motion for summary disposition and dismissed Hopkins's claims with prejudice. Hopkins filed a motion for new trial, which was denied.

On February 23, 2023, Hopkins perfected an appeal by trial de novo by filing a Statement of Inability to Afford Payment of Court Costs to the Harris County Civil District Court, the claim was ultimately directed to and received by the Harris County Civil Court at Law No. 2, and both parties subsequently appeared in the latter court, where Meta first filed an answer and Hopkins first filed a jury demand.

---

[1] Though not entirely clear, the record suggests that Hopkins' claims could be based one or more events, including but not limited to an unrelated class action settlement between Meta and the State of Texas involving the use of biometric data, photos or cinema-art Hopkins may have provided to Meta, or Hopkin's temporary loss of access to his Facebook account after his failure to activate Facebook Protect.

[2] Among these included an EBay page for the sale of a Charles Bronson canvass.

On June 14, 2023, Meta filed a traditional and no-evidence motion for summary judgment to which Hopkins did not respond. On July 12, 2023, the statutory county court granted appellee's motion and dismissed Hopkins's claims with prejudice. Hopkins filed several motions after the court's final judgment, including a "motion to dismiss," a "motion for summary judgment," a "motion to reconsider," and other unspecified documents. The court denied Hopkins's motions on August 4, 2023.

On July 28, 2023, Hopkins filed a notice of appeal from the statutory county court's final judgment.

## II. ISSUES AND ANALYSIS

Hopkins brief is significantly deficient of any clear arguments.[3] At best, we liberally construe his brief to complain that the trial court erred in granting appellee's motion for summary judgment because (1) the Deputy Court Clerk received but failed to file a number of affidavits and motions, (2) the court permitted the Deputy Clerk to manage case filings without having signed and filed an anti-bribery statement, (3) the judge presiding over Harris County Court at Law No. 2 concurrently presides over Harris County Criminal Court No. 2, (4) appellee failed to oppose various affidavits that allegedly created genuine issues of fact, and (5) the court improperly denied appellant's right to a jury trial. Appellant also complains of various errors at the justice court, which we address first as a jurisdictional issue.

**A. Does this court have jurisdiction over appellant's issues arising from the proceeding at the Justice Court?**

Appellant complains that the justice court erred by failing to grant his motion

---

[3] Hopkins, who has undertaken to represent himself, like any pro se litigant, is held to the same standards as a licensed attorney and must comply with applicable laws and procedures. *Rogers v. City of Houston*, 627 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

3

for default judgment, granting appellee's motion for summary judgment, failing to take oaths from the parties, failing to respond to appellant's filings, failing to direct appellant's appeal to the district court, and failing to furnish copies of the judge's oath of office to appellant. Because the judgment of the justice court has been vacated, we disagree.

"A county civil court at law has jurisdiction in appeals of civil cases from justice courts in Harris County." Tex. Gov't Code Ann. § 25.1032. Cases appealed from justice courts must be tried de novo in the county court. Tex. R. Civ. P. 506.3.; *see* Tex. R. Civ. P. 500.2(f) ("'County court' is the county court, statutory county court, or district court in a particular county with jurisdiction over appeals of civil cases from justice court."). An appeal to the county court is perfected when filed alongside a Statement of Inability to Afford Payment of Court Costs. Tex. R. Civ. P. 506.1(h). Perfection of an appeal to the county court from a justice court vacates and annuls the judgment of the justice court. *Mullins v. Coussons*, 745 S.W.2d 50, 50 (Tex. App.—Houston [14th Dist.] 1987, no writ); *Wells v. Tex. Dep't of Pub. Safety*, No. 14-17-00547-CV, 2019 WL 962214, at *1 (Tex. App.—Houston [14th Dist.] Feb. 28, 2019, no pet.) (citing *Mullins*, 745 S.W.2d at 50). The county court independently decides the case on appeal; it cannot affirm or reverse the justice court's judgment, nor can it remand the case to the justice court. *Wells*, 2019 WL 962214, at *1. In an appeal from the justice court, the parties must proceed as though the judgment had not been rendered at all. *Id*.

Presuming without deciding that appellant's complaints arising out of the justice court have merit, they were rendered moot by his appeal to the county court. *See id*., at *2. Therefore, we need not address the merits of appellant's justice court issues and overrule them for want of jurisdiction.

4

**B. Did appellant preserve his procedural complaints (issues 1, 2, and 3) for appeal? Did he properly present them for review?**

Texas Rule of Appellate Procedure 33.1(a) provides that a complaint is not preserved for appeal unless it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a).

The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial court of the basis of the objection and give the trial court an opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint. *See Resendez*, 306 S.W.3d at 312. Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Id.* at 312–13 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

"Briefing waiver occurs when a party fails to make proper citations to authority or to the record, or to provide any substantive legal analysis." *Vo v. Doan*, No. 14-14-00994-CV, 2016 WL 3574671, at *9 (Tex. App.—Houston [14th Dist.] June 30, 2016, pet. denied); *see* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Although courts interpret briefing requirements liberally, appellants must put forth some specific argument and analysis while citing

authorities in support of their argument. *San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 338 (Tex. App.–Houston [14th Dist.] 2005, no pet.).

At the trial court, appellant failed to raise any objection to the Deputy Court Clerk's alleged failure to file unspecified "affidavits and motions" submitted after the court's final judgment, the Deputy Court Clerk's alleged failure to file a "legally required" anti-bribery statement, or the fact that the presiding judge has taken concurrent oaths to preside over both the county civil court at law and county criminal court at law. Furthermore, beyond alleging that these errors occurred, appellant fails to adequately argue that he is entitled to any form of relief. He cites no authority supporting his argument, and no evidence of these alleged errors appears anywhere in the appellate record. By failing to raise any of these complaints in the trial court at any stage, Hopkins failed to preserve these arguments. Tex. R. App. P. 33.1. Moreover, even construing his brief liberally, we cannot say that appellant has adequately briefed his first three issues. Tex. R. App. P. 38.1(i). Because he failed to raise them at the trial court and we find briefing waiver, we overrule appellant's first, second, and third issues.

## C. Did the county court at law err by granting summary judgment?

In his fourth issue, Hopkins contends that the trial court erred with respect to his own belated summary-judgment motion, filed after the trial court granted summary judgment on all claims, dismissing those claims in favor of Meta. Under this issue, we liberally construe Hopkins to implicitly challenge the summary judgment order following Meta's motion; therefore, we next consider whether the trial court's summary judgment order following Meta's uncontested motion is supported by the record.

In a traditional motion for summary judgment, if the movant's motion and

summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant presented summary-judgment evidence raising a genuine fact issue as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine fact issue if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). Generally, failure to respond to a no-evidence motion for summary judgment is fatal to the nonmovant's ability to successfully assert on appeal that the trial court erred in granting the motion. *Patidar v. Bank of Am., N.A.*, 442 S.W.3d 789, 793 (Tex. App.—Houston [14th Dist.] 2014); *Transcon. Ins. Co. v. Briggs Equip. Tr.*, 321 S.W.3d 685, 692 (Tex. App.—Houston [14th Dist.] 2010, no pet.). When a nonmovant fails to respond to a traditional motion, the nonmovant is limited on appeal to arguing the legal insufficiency of the grounds presented in the motion. *Patidar*, 442 S.W.3d at 793.

Hopkins failed to file any response to appellee's motion until July 13, 2023, the day after the trial judge signed the final order granting summary judgment. Hopkins neither sought a continuance nor complained of the adequacy of the time

to conduct discovery. We thus consider whether the motion and order granting it are proper under the law.

*Hopkins's fraud claims were properly dismissed.*

In its motion Meta challenged the absence of evidence to support the essential elements of Hopkin's fraud claim, including evidence to support (1) a material misrepresentation; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *Clinton v. Gallup*, 621 S.W.3d 848, 852 (Tex. App.—Houston [14th Dist.] 2021, no pet.). We do not disturb the trial court's implicit dismissal of the fraud claim alleged against Meta, as the court was provided no evidence of a fact issue on any of the four essential elements and nothing in the record suggests that Meta was not entitled to judgment as a matter of law.

*Hopkins's trespass claims were properly dismissed.*

Meta challenged the absence of the essential elements of Hopkins's trespass claim, including: "(1) entry (2) onto the property of another (3) without the property owner's consent or authorization." *Port of Corpus Christi Auth. of Nueces Cnty., Tex. v. Port of Corpus Christi LP*, No. 2:22-CV-00030, 2022 WL 696375, at *6 (S.D. Tex. Mar. 7, 2022) (applying Texas law) (citing *Envt'l Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 419 (Tex. 2015). Because we find no evidence in the record to support any essential element of a trespass claim of any type, nor any discernable attempt by Hopkins to describe a valid factual theory to support the claim, we do not disturb the trial court's implicit dismissal of Hopkins's trespass claim.

*Hopkins's state constitutional claims and federal statutory claims were properly dismissed.*

Hopkins's fails to adequately provide argument on appeal how the trial court could have granted him relief under the United States Code or the Texas Constitution. *See* Tex. R. App. P. 38.1(i). We nevertheless, briefly address the merits of the court's disposition of these claims. First, with respect to the state constitutional claims brough under the Texas Bill of Rights, Meta, a private entity, is not, as such a claim requires, an affiliate of the State of Texas. *See Harris v. Nationstar Mortg.*, No. 01-20-00038-CV, 2021 WL 1031538, at *2 n.1 (Tex. App.—Houston [1st Dist.] Mar. 18, 2021, no pet.) (acknowledging state action requirement under Article I of the Texas Bill of Rights). No evidence in the record suggests the contrary. As a result, Hopkins claim premised on the Texas Bill of Rights was not viable. Therefore, we do not disturb the courts disposition of Hopkins claims under the Texas Constitution.

With respect to the claims brought under federal criminal statutes, we presume but do not decide, for the sake of argument and expediency, that §§ 242–245 of title 18 of the United States Code provides some private right of action based on the content of those federal criminal provisions, i.e., disqualification from juries and discrimination against people wearing military uniforms. 18 U.S.C. §§ 242–245. Because the record contains no evidence that Meta disqualified Hopkins from a jury or discriminated against him for wearing a military uniform, the trial court did not err in concluding that summary judgment was proper with respect to any claims against Meta under 18 U.S.C. §§ 242–245.

Finding Meta's unchallenged motion is legally sufficient to support summary judgment as a matter of law, we overrule Hopkins's fourth issue.

9

**D. Did the trial court erroneously deny appellant's request for a jury trial?**

Although he does not cite to any authority, we presume without deciding that Hopkins has adequately briefed his fifth issue; his contention that the trial court erred by granting summary judgment without granting his motion for a jury trial. Importantly, the trial court did not deny his right to jury trial, either arbitrarily or by some default. The court simply determined that the claims for which he requested a jury trial lacked a triable fact issue as a matter of law. However, the Texas Rules of Civil Procedure do not create a mandatory right to a jury trial, even when one is requested. *Harris v. Aames Capital Corp.*, No. 14-06-00124-CV, 2007 WL 853810, at *1 (Tex. App.—Houston [14th Dist.] Mar. 22, 2007, no pet.); *see* Tex. R. Civ. P. 216(a) ("No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed . . . ."). Summary judgement is the proper vehicle for deciding cases where no genuine issue of fact exists, even when a jury trial has been requested. *Cf. Harris*, 2007 WL 853810, at *1. Therefore, we overrule appellant's fifth issue.

### III. CONCLUSION

Because the judgment of the justice court was vacated and annulled upon perfection of appellant's appeal to the county court, we lack jurisdiction to rule on those issues. Finding that appellant's remaining issues lack merit, we affirm the judgment of the trial court.

/s/     Randy Wilson
        Justice

Panel consists of Justices Jewell, Spain and Wilson.