

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00394-CV

———————————————

DAPHNE KANAS, Appellant

V.

KANETHA RACQUEL SMITH-WARD, NRT, LLC D/B/A COLDWELL
BANKER UNITED REALTY, AND MITCH LEWIS, Appellees

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. C2024182

---

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Pro se Appellant Daphne Kanas appeals the trial court's orders granting the no-evidence summary-judgment motions that Appellees Mitch Lewis, Kanetha Racquel Smith-Ward, and NRT, LLC d/b/a Coldwell Banker United Realty filed and severing those interlocutory orders to yield a final judgment. In three issues, Kanas argues that the trial court (1) violated her due-process rights by granting summary judgment without giving her proper notice or a fair opportunity to respond; (2) failed to consider documents that she first filed in the original cause five months after the trial court had signed the final judgment and four months after she had filed this appeal; and (3) erred by severing her claims against Lewis, Smith-Ward, and Coldwell Banker.

Because Kanas received more than 21 days' notice of the summary-judgment hearing and did not respond to any of the no-evidence motions, the trial court correctly granted those motions. Additionally, the trial court did not err by (1) not sua sponte considering documents that Kanas filed in the original cause months after the trial court had signed its final judgment on the severed claims or (2) severing the disposed-of claims. We will affirm.

### I. Factual Background and Procedural History

In August 2021, Kanas began looking to buy a home. She contacted realtor Smith-Ward, who worked on behalf of broker Coldwell Banker, about her listings; engaged Smith-Ward; and in September 2021, signed a contract with sellers Michael

2

and Jennifer Mitchell to purchase 7619 Ravenswood in Granbury, Texas (the "Property"). In the buying process, Kanas toured the Property and obtained the Mitchells' "Seller's Disclosure Notice."

Kanas also hired home inspector Carlos Garcia with Superior Real Estate Inspection Services—whom Kanas had selected from a list of inspectors Smith-Ward had provided—and Garcia inspected the Property and wrote a home-inspection report. According to Kanas, Garcia reported that the Property was "solid and sound" and "did not have any major issues or problems that he could see," and Smith-Ward "echoed the same sentiment." Even so, the report pointed out several items in need of repair and made several recommendations about seeking further opinions regarding "[l]atent or undetected defects that may be present," including in the HVAC, plumbing, and septic systems.

Kanas closed on the contract in November 2021, and her family moved in. Under the terms of the purchase agreement, Kanas "accept[ed] the Property As Is."

After moving in, Kanas says "there was a musty odor always present." She texted Smith-Ward, who "advise[d] that it was an older home"—it was built in 1975—and that it was too late to ask the sellers to make repairs because the transaction was complete. At the beginning of winter, when "the air was not blowing warm," Kanas hired an HVAC contractor. Her contractor said that there was "black build up in the HVAC system" and recommended its replacement. Kanas complained to Smith-Ward and was dissatisfied with Smith-Ward's responses.

3

According to Kanas, "other things began to fall apart daily," including "the electrical, plumbing, septic, foundation, structure[,] and [m]old." Kanas says she and her family sought medical treatment for "[m]old [t]oxicity." They eventually moved out of the Property because of "the inoperable HVAC [and] needing new plumbing for the entire home, all new electric wiring, repair of [the] foundation[,] and new structur[al] beams."

About a year after buying the Property, Kanas sued everyone associated with the transaction: the sellers, the Mitchells; the inspector, Garcia; her realtor, Smith-Ward; the Property's listing associate, Mitch Lewis; and the broker, Coldwell Banker. Kanas sued Lewis for common-law fraud, real-estate fraud under Section 27.01 of the Texas Business and Commerce Code, DTPA violations, negligence, and negligent misrepresentations. Kanas asserted these same claims against Smith-Ward, as well as fraud by nondisclosure. Kanas alleged that Coldwell Banker was liable for the acts of its agent Smith-Ward.

The parties conducted discovery under Level 2. *See* Tex. R. Civ. P. 190.3. Trial was initially set for September 25, 2023, and discovery closed on August 26.

As the trial date approached, Lewis moved for a no-evidence summary judgment and set the motion for hearing on September 20—five days before trial. Kanas moved for a continuance based on her counsel's health. Although the trial court reset trial for April 8, 2024, it kept the summary-judgment setting.

4

Five days before the summary-judgment hearing, Kanas sought a second continuance based on her counsel's health. The trial court granted the motion and "order[ed] that this cause is continued until after 11/22/23."

On November 6, 2023, Lewis filed an amended no-evidence summary-judgment motion, and Smith-Ward and Coldwell Banker jointly filed a no-evidence and traditional motion for summary judgment. The trial court set the motions for hearing on November 27.

On November 16, Kanas filed a third continuance request. Without holding a hearing, the trial court granted it.

The summary-judgment hearing was then rescheduled to March 1, 2024. But on February 21, Kanas filed a fourth continuance request. And again, the trial court granted the motion and reset trial until August 12.

On April 23, Kanas filed a fifth motion for continuance requesting that no hearings be scheduled for thirty days while counsel recovered from heart surgery. The trial court granted that motion.

On May 15, Appellees gave notice that their respective summary-judgment motions were set for hearing on June 21. On June 13, at 6:24 p.m.—the night before Kanas's summary-judgment responses were due—she filed her sixth motion for continuance and simultaneously filed a motion to compel mediation. As grounds for the continuance, Kanas indicated that she (1) was out of the country and would not

return until July 10 and (2) wanted the trial court to order the parties to mediation first. The motion was not supported by affidavit. *See* Tex. R. Civ. P. 251.

Appellees objected to this continuance request because (1) the motion was not supported by affidavit (in fact, none of her motions for continuance had been), (2) Kanas did not need to attend the non-evidentiary hearing, and (3) they were opposed to mediating. Rather than responding, on June 20—the day before the summary-judgment hearing—Kanas filed yet another unsupported-by-affidavit motion for continuance, stating that Kanas's counsel "ha[d] not been released as of this date to return to his normal daily activity nor to return to [the] employment of practicing law and especially attending [c]ourt." *See id.*

The next day, the trial court heard the continuance motion and the two summary-judgment motions. Neither Kanas nor her counsel attended. The trial court denied the seventh continuance request and then considered the no-evidence summary-judgment grounds. Appellees pointed out that Kanas had never filed a response to either motion, which had been on file for many months. The trial court looked through the record; confirmed, "I do not see a response"; and granted both motions.

A few weeks later, Appellees filed a "Motion to Sever and Enter Final Judgment." On July 15, the trial court granted that motion, severing Kanas's claims against Lewis, Smith-Ward, and Coldwell Banker into a new cause number. On

6

August 1, it signed a Final Judgment that Kanas take nothing on her claims against these parties.

Thereafter, Kanas filed a motion to reconsider both the summary-judgment and severance rulings. During an August 22 hearing on that motion, Kanas's counsel—who was physically in the court room—claimed he did not get notice of the June 21 summary-judgment hearing. The trial court asked how he had known to request a continuance of the hearing if he did not know of it, and counsel claimed to have fortuitously checked the docket and seen a scheduled hearing. But neither the June 13 continuance motion nor the June 20 amended motion argued Kanas's lack of notice of the June 21 hearing, and Appellees' counsel directed the trial court to documents showing that they had given notice of the hearing to Kanas on May 15. The trial court then orally denied Kanas's motion to reconsider.

Kanas timely appealed on August 29. Five months after the trial court signed the final judgment, and four months after she filed this appeal, Kanas, acting pro se, amended her petition in the original cause number against the sellers and the inspector and named a number of new parties. She also attached voluminous documents—none of which she had presented in response to the severed-out summary-judgment motions made the subject of this appeal—but which she asked to be included in the appellate record.[1]

---

[1]Kanas has also asked us to take judicial notice of her trial counsel's death. She did not confer with opposing counsel, and Appellees did not file a response. Although

## II. Briefing Waiver

As an initial matter, Appellees argue that Kanas's brief is so deficient that we should disregard her arguments and decline to consider her assertions, which lack proper legal or evidentiary support. Although Kanas appears pro se, she remains subject to the same standards as a licensed attorney, and she is required to comply with all applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *see also* Tex. R. App. P. 38.1(i) (requiring adequate briefing, which includes making a clear and concise argument for the contentions made using appropriate citations to authorities and the record).

But we are also required to construe briefs liberally—whether filed by pro se litigants or licensed attorneys—so as to not hinder the right to appellate review. *See Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020). "Whenever possible, we reject form-over-substance requirements that favor procedural machinations over reaching the merits of a case." *Bertucci v. Watkins*,

---

we do not have any reason to doubt the veracity of Kanas's allegation about her trial counsel's death, she has not provided us with any document through which we may take judicial notice of this fact. *See, e.g.*, *In re Estate of Hemsley*, 460 S.W.3d 629, 638–39 (Tex. App.—El Paso 2014, pet. denied) (taking judicial notice that it was widely reported on local, state, and national news that Hemsley was buried in El Paso on November 21, 2012 at Fort Bliss National Cemetery); *Hudson v. Markum*, 931 S.W.2d 336, 337 n.1 (Tex. App.—Dallas 1996, no writ) (taking judicial notice of funeral and death announcement in the Dallas Morning News); *see also* Tex. R. Evid. 201(c)(2) (requiring a party requesting that a court take judicial notice to supply it with the necessary information). We therefore deny Kanas's request.

709 S.W.3d 534, 542 (Tex. 2025) (quoting *Dudley Constr., Ltd. v. Act Pipe & Supply, Inc.*,

545 S.W.3d 532, 538 (Tex. 2018)); *see also* Tex. R. App. P. 38.9.

With these principles in mind, we decline to decide this appeal on the alleged

inadequacy of Kanas's briefing, and we address the three issues that she has raised.

### III. Issues Presented

On appeal, Kanas broadly argues that "[t]he trial court's severance of claims

and summary judgment ruling[s] were legally and procedurally flawed," but she raises

three specific complaints.[2] We take her issues out of order. In her second issue, Kanas

argues that the trial court violated her due-process rights by granting summary

judgment because she did not have "adequate notice" or "a fair opportunity to

respond." In her third issue, she complains that the trial court "fail[ed] to consider

material evidence"—the documents she filed in the original cause five months after

the trial court had signed the final judgment on the severed claims. Finally, Kanas

---

[2]The final judgment also awarded attorneys' fees to both sets of attorneys, as Appellees had requested in their summary-judgment motions. On appeal, Kanas briefly mentions the award in her statement of the case, but she does not otherwise mention or challenge the trial court's attorneys'-fees award. "A court of appeals may not reverse a trial court judgment on a ground not raised." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020) (citation omitted). We thus do not address any unassigned error regarding the attorneys'-fees award. *See id.*; *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (prohibiting appellate court from reversing a trial court's judgment absent properly assigned error); *Liverman v. Denton County*, No. 02-18-00344-CV, 2019 WL 1849958, at *2 (Tex. App.—Fort Worth Apr. 25, 2019, no pet.) (mem. op.).

asserts in her first issue that the trial court abused its discretion by granting the requested severance.

## IV. Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020).

## V. Analysis

### A. Notice and Due Process

In her second issue, Kanas claims that she did not receive notice of the June 21 summary-judgment hearing and was denied a fair opportunity to respond to Appellees' no-evidence motions. Kanas has waived this complaint.

Rule 166a(c) requires that both a summary-judgment motion and notice of the hearing on the motion be served at least 21 days before the initial hearing date. Tex. R. Civ. P. 166a(c). But courts, including our court, have held "that the [21-day] requirement for notice of hearing does not apply to a resetting of the hearing, provided the nonmovant received notice [21] days before the original hearing."

10

*Magnuson v. Mullen*, 65 S.W.3d 815, 824 & n.8 (Tex. App.—Fort Worth 2002, pet. denied) (first citing *LeNotre v. Cohen*, 979 S.W.2d 723, 726 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); and then citing *Birdwell v. Texins Credit Union*, 843 S.W.2d 246, 250 (Tex. App.—Texarkana 1992, no writ)); *see also Wilson v. Dorbandt*, No. 03-14-00553-CV, 2016 WL 768143, at *5 (Tex. App.—Austin Feb. 24, 2016, pet. denied) (mem. op.) ("[T]he movant need only provide "reasonable notice" of the rescheduled hearing.").

Courts have also held that lack of sufficient notice of the hearing is a type of defect that may be waived. *Westley v. Nilsson*, No. 02-19-00391-CV, 2021 WL 3085750, at *2 (Tex. App.—Fort Worth July 22, 2021, no pet.) (mem. op.) (citing *Viesca v. Andrews*, No. 01-13-00659-CV, 2014 WL 4260355, at *6 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (mem. op.)). As we stated in *Westley*, "[A]ny complaint about insufficient notice of the summary[-]judgment hearing is waived when the nonmovant has notice of the hearing date before the hearing occurs and the nonmovant fails to complain at or before the hearing." *Id.* (citing *Caudle v. Oak Forest Apartments*, No. 02-14-00308-CV, 2015 WL 9244874, at *4 (Tex. App.—Fort Worth Dec. 17, 2015, pet. denied) (mem. op.)).

Here, we do not even need to consider how much notice Appellees gave for any of the prior hearing settings because, according to the certificates of service in the

May 15 hearing notices, Appellees gave Kanas 37 days' notice of the June 21 hearing.[3]

Leading up to the June 21 hearing, Kanas filed two motions for continuance—neither of which argued that Kanas did not receive the requisite 21 days' notice of the initial summary-judgment hearing or reasonable notice of the June 21 hearing. Because Kanas had the opportunity to complain about a lack of notice before and at the June 21 hearing—and did not make that specific complaint in either version of her continuance requests—she has waived her complaint on appeal about alleged due-process violations in not having adequate notice or a fair opportunity to respond to Appellees' no-evidence summary-judgment motions. *See Westley*, 2021 WL 3085750, at *3; *Caudle*, 2015 WL 9244874, at *4; *Rockwell v. Wells Fargo Bank, N.A.*, No. 02-12-00100-CV, 2012 WL 4936619, at *2 (Tex. App.—Fort Worth Oct. 18, 2012, no pet.) (mem. op.). We overrule Kanas's second issue.

## B.    The Summary-Judgment Record

In her third issue, Kanas contends that the trial court failed to consider "key evidence" in deciding the no-evidence motions. Specifically, she claims that the trial court should have considered the following:

---

[3]Additionally, during the hearing on Kanas's motion to reconsider, Appellees' counsel showed the trial court a copy of the notice of the rescheduled hearing that included a separate auto-generated certificate of service that is not in the appellate record. The trial court stated, "I'm looking here at a file-marked copy of a Notice of Rescheduled Hearing that sets the date that it was scheduled. On it you were notified according to this document, which is automatically created, so I'm going to deny your motion to reconsider."

1. Property inspection reports detailing structural defects, black mold contamination, and hazardous electrical wiring[;]

2. Blank seller disclosure forms, proving that the sellers failed to disclose known defects as required by Texas law[; and]

3. Correspondence from the real estate agent, discouraging [Kanas] from obtaining an independent inspection.

Kanas argues that these documents "were not properly filed in the trial record due to former counsel's failure." Appellees counter that the documents were unauthenticated and attached to Kanas's amended petition in the original cause and were filed months after the trial court had severed out the disposed-of claims and signed its final judgment in the severed cause. Indeed, Kanas does not direct us to where she ever asked the trial court to consider the "key documents." As we explain, the trial court properly granted summary judgment on the record before it.

Appellees each moved for a no-evidence summary judgment on the essential elements of the claims Kanas had asserted against them. Because Kanas failed to make any written response to the no-evidence motions, the trial court properly rendered summary judgment in favor of Appellees. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *B.C.*, 598 S.W.3d at 259; *Poonjani v. Kamaluddin*, No. 02-14-00193-CV, 2015 WL 3523102, at *3 (Tex. App.—Fort Worth June 4, 2015, no pet.) (mem. op.); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (absent timely response, trial court must grant no-evidence motion for summary judgment that meets requirements of Rule 166a(i)); *see also Patidar v. Bank of*

13

*Am., N.A.*, 442 S.W.3d 789, 793 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Generally, a failure to respond to a no-evidence motion is fatal to the nonmovant's ability to assert on appeal that the trial court erred in granting the motion.").

After a trial court grants a summary-judgment motion, it generally has no obligation to consider further motions on the adjudicated issues. *Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 125 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). In this case, nothing in the record indicates that the trial court ever considered the late-filed documents. In fact, the trial court's oral denial of Kanas's motion to reconsider—which she does not challenge on appeal—does not indicate that Kanas presented any new evidence with that motion or that the trial court considered any. And to the extent that Kanas blames her former trial counsel's actions for her lack of timely filed responses, she is bound by the actions of her counsel. *See Gracey v. West*, 422 S.W.2d 913, 916 (Tex. 1968) (holding that an attorney's negligence in failing to prosecute a lawsuit was not a ground for setting aside a dismissal for want of prosecution); *see also Culberson-Stowers, Inc. v. Lease Corp. of Am.*, No. 02-23-00123-CV, 2023 WL 7851812, at *4 (Tex. App.—Fort Worth Nov. 16, 2023, no pet.) (mem. op.) (stating that an attorney's negligence will be imputed to his clients, making it impossible for them to succeed on a bill of review).

In addition, nothing else in the record demonstrates that Kanas, while acting pro se, ever asked the trial court to consider the "key documents"—which she had attached to her amended complaint in the original cause—in the severed cause. She

simply filed them in the original cause six months after the trial court had granted summary judgment, five months after it had signed the final judgment in the severed cause, and four months after she had initiated this appeal—and never asked the trial court to act upon them in the severed cause. Accordingly, these documents were not before the trial court in the severed cause and are not before us in our review of the orders granting summary judgment on Kanas's claims against Appellees. *See Di Angelo Publ'ns, Inc. v. Kelley*, No. 14-20-00546-CV, 2022 WL 401561, at *2 (Tex. App.—Houston [14th Dist.] Feb. 10, 2022, no pet.) (mem. op.); *Farmer v. Ben E. Keith Co.*, 919 S.W.2d 171, 176 (Tex. App.—Fort Worth 1996, no writ).

We therefore hold that the trial court did not err by granting the Appellees' summary-judgment motions on the record before it, which did not include the late-filed "key documents." We overrule Kanas's third issue.

## C. Severance

We finally address Kanas's first issue: whether the trial court erred by granting Appellees' motion to sever the disposed-of claims to allow the interlocutory summary-judgment orders to become final. It did not.

"Any claim against a party may be severed and proceeded with separately." Tex. R. Civ. P. 41. The trial court has broad discretion in granting a severance, and its decision will not be reversed absent an abuse of discretion. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990) (op. on reh'g). "A severance after an interlocutory summary-judgment order to expedite appellate review is proper

15

and not an abuse of discretion." *Nicholson v. Stockman*, No. 02-19-00103-CV, 2020 WL 241420, at \*2 (Tex. App.—Fort Worth Jan. 16, 2020, pet. denied) (mem. op.); *see Arredondo v. City of Dallas*, 79 S.W.3d 657, 665 (Tex. App.—Dallas 2002, pet. denied) ("If summary judgment in favor of one defendant is proper in a case with multiple defendants, severance of that claim is proper so it can be appealed.").

Here, Kanas's case involved multiple defendants, and the trial court granted two interlocutory summary judgments in favor of three of the defendants: Lewis, Smith-Ward, and Coldwell Banker. The trial court did not abuse its discretion by severing the interlocutory summary-judgment orders to make them final and appealable. *See Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 525–26 (Tex. 1982) (holding that severance of summary judgment "to expedite appellate review" was not an abuse of discretion); *Nicholson*, 2020 WL 241420, at \*2 (holding that no abuse of discretion occurred when trial court severed interlocutory summary judgments that disposed of some but not all defendants). We overrule Kanas's first issue.

## VI. Conclusion

Having overruled Kanas's three issues, we affirm the trial court's final judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: May 22, 2025